Sonia S. Waisman, Esq., State Bar No. 153010
Email: *swaisman@mwwdlaw.com*
Heather L. McCloskey, Esq., State Bar No. 193239
Email: *hlmccloskey@mwwdlaw.com*
McCLOSKEY, WARING, WAISMAN & DRURY LLP
2401 Pacific Coast Highway, Suite 206
Hermosa Beach, CA 90254
Telephone No.: (310) 524-0400
Facsimile No.:  (310) 524-0404

Attorneys for Plaintiff
HARTFORD FIRE INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARTFORD FIRE INSURANCE COMPANY<br><br>Plaintiff,<br><br>v.<br><br>CARSON MADRONA COMPANY, LLC; OHIO SECURITY INSURANCE COMPANY; AMERICAN FIRE AND CASUALTY COMPANY; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 3:23-cv-06259-VC<br><br>Hon. Vince Chhabria<br>Courtroom 4, 17th Floor<br><br>**INITIAL JOINT CASE MANAGEMENT STATEMENT**<br><br>CMC Date:     March 8, 2024<br>Time:             10:00 A.M.<br>Location:       Via Video Conference |

Pursuant to Civil Local Rules 16-9 and 16-10, and this Court's February 14, 2024, Notice (ECF No. 19), Plaintiff Hartford Fire Insurance Company ("Hartford") and Defendants Carson Madrona Company, LLC ("Carson Madrona") and Defendants Ohio Security Insurance Company and American Fire and Casualty Company (collectively, the "Insurer Defendants") (collectively, the "Parties") respectfully submit the following Initial Case Management Statement ("Statement").

As further explained below, because Hartford filed its First Amended Complaint ("Complaint") (ECF No. 8) on January 30, 2024 (to add a defendant and modify the complaint accordingly), before defendants had appeared, and because the time has not yet run for any

1

defendant to respond to the Complaint, the case is not yet at issue. Nevertheless, as stated above, all defendants join in this Statement to comply with the Court's March 1, 2024 filing deadline.

1. **<u>Jurisdiction and Service:</u>**

The Parties agree that jurisdiction is proper in this Court under 28 U.S.C. §1332 based on diversity of citizenship, because this dispute is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

No issues exist regarding personal jurisdiction or venue. The Insurer Defendants were each served on February 6, 2024 (ECF Nos. 21 and 22). Counsel for Carson Madrona signed a February 1, 2024 Waiver of Service of Summons on February 9, 2024 (ECF No.20). Carson Madrona's response to the Complaint is due April 1, 2024. The Insurer Defendants' response to the Complaint would have been due on February 27, 2024, but on that date they filed a Stipulation to Extend Time to Respond to the Complaint (ECF No. 23), pursuant to which the time for them to respond to the Complaint was extended to April 1, 2024, to coincide with Carson Madrona's response due date.

2. **<u>Facts</u>:**

   a. *Plaintiff Hartford's Statement*

This insurance coverage action arises out of an underlying lawsuit captioned *Gary Mountain, et. al v. DP Electric, et al.,* Alameda County Superior Court Case No. RG17857926, including the cross-complaints filed therein by David Luis Perez ("Perez") and his wife Donna Perez (collectively, the "Underlying Lawsuit"), filed after Perez and plaintiff Gary Mountain ("Mountain") were injured on May 17, 2016, while Perez was replacing fuses in a main electrical panel located in the common area of a warehouse owned by Carson Madrona. A portion of the warehouse was leased by Stoneledge Furniture LLC ("Stoneledge"), an affiliate of Ashley Furniture Industries, Inc" ("Ashley"). Mountain was an employee of Ashley/Stoneledge. Mountain and his wife sued Carson Madrona (and its property manager, "SanOak") but not Ashley/Stoneledge. Among other pleadings, Perez (an electrician called to repair the electrical problem) and his wife filed a cross-complaint (and later a first amended cross-complaint) against the underlying defendants and also named Ashley/Stoneledge as cross-defendants. The Mountains' claims settled, and the

Perezes' claims proceeded to trial. On July 10, 2023, the jury returned a verdict of $25.5 million in favor of David and Donna Perez. The jury apportioned liability as follows: 50% against Carson Madrona and 50% against SanOak. The jury attributed zero responsibility to Ashley/Stoneledge. Caron Madrona and SanOak, as well as the Perezes, have filed notices of appeal.

Hartford issued policy number 41 CSE S30502 (the "Hartford Policy") to Ashley for the period from January 1, 2016 to January 1, 2017. The Hartford Policy includes Commercial General Liability ("CGL") coverage with a limit of $2 million per "occurrence," subject to a $1 million per "occurrence" deductible. Hartford has defended and is defending Ashley/Stoneledge in the Underlying Lawsuit. No dispute between Hartford and its named insureds, Ashley/Stoneledge, is at issue in this coverage action.

Carson Madrona tendered its defense of the Underlying Lawsuit to Hartford, as an alleged additional insured under the Hartford Policy. Hartford agreed to defend Carson Madrona under a reservation of all rights, but contended, and continues to contend that Carson Madrona's own primary level insurer (Ohio Security) was and is the appropriate entity to be defending Carson Madrona, and that Carson Madrona's primary and excess insurers (Ohio Security and American Fire) are the appropriate entities to pay any settlement or final judgment against Carson Madrona in connection with the Underlying Lawsuit.

Ohio Security issued primary commercial general liability insurance to named insured Carson Madrona, effective August 31, 2015 to August 31, 2016 (the "Ohio Security Policy"), with a liability limit of $1 million per occurrence. SanOak is also an insured under that policy. Ohio Security has been defending, and continues to defend SanOak in the Underlying Lawsuit, but has declined to defend Carson Madrona.

American Fire issued excess liability insurance to Carson Madrona, effective August 31, 2015 to August 31, 2016, which sits directly above the Ohio Security Policy and is subject to a $10 million liability limit.

    **b.**    *Defendant Carson Madrona's Statement*

Carson Madrona does not dispute the general description of the matter contained in Hartford's or the Insurer Defendants' statements. However, Hartford's statement fails to note that

(a) Ashley/Stoneledge agreed to indemnify Carson Madrona and to have Carson Madrona added as an additional named insured under the policies at issue, and (b) Hartford has refused to indemnify Carson Madrona and now seeks to recover fees it paid to defend Carson Madrona, despite the fact that Carson Madrona is an additional insured under the policies at issue. Because Carson Madrona has not yet formulated or filed its answer, affirmative defenses and counterclaims, it reserves all rights to admit, deny or allege facts in support of its denials, defenses and anticipated counterclaims.

  c. ***Insurer Defendants' Statement***

    1. **The Lease Agreement, Incident, and Verdict**

On January 17, 2012, Carson Madrona executed a lease ("Lease") of its warehouse located at 6195 Coliseum Way, Oakland, California ("Warehouse"), with Warehouse and Delivery Solutions, Inc. dba Ashley Furniture ("WDS"). On April 5, 2016, Stoneledge Furniture, LLC dba Ashley Furniture Homestore ("Stoneledge") entered into an Asset Purchase Agreement, where it was assigned WDS's rights under the Lease (WDS, Stoneledge, and Ashley Furniture Industries, Inc. are collectively referred to as "Ashley Furniture.")

Under the terms of the Lease, Ashley Furniture was required to maintain "electrical systems to the extent located within the [Warehouse]" (Article 6 – Repairs and Maintenance); defend and indemnify Carson Madrona for any claim "arising out of or in any way connected with, and Landlord shall not be liable to Tenant on account of (a) Tenant's use of the Premises; [and] (b) the conduct of Tenant's business or anything else done or permitted by Tenant to be done in or about the Premises…" (Article 18 – Indemnification and Liability); and obtain liability insurance for "any and all liability for personal injury … arising out of the operations, maintenance, use or occupancy of the [Warehouse]," which insurance must be "primary and noncontributing (meaning that Landlord may look solely to the insurance provided hereunder with respect to a covered claim and shall not be required to make a claim under any other insurance Landlord may have)" (Article 23 – Liability Insurance).

The Underlying Lawsuit arose out of an accident at the Warehouse on May 17, 2016 (the "Incident"). Gary Mountain, an employee of Ashley Furniture, called an electrician, David Perez, to make repairs to the main electrical panel. During the repair, both Mountain and Perez suffered

burn injuries as the result of an arc flash incident which occurred at the main distribution panel. Mountain entered into a settlement of his claims prior to trial. On July 10, 2023, a verdict was returned awarding $25,500,000 to Perez, with 50% of fault for the Incident allocated to Carson Madrona and 50% to San Oak. Ashley Furniture was also found negligent in connection with the Incident.

### 2. The Relevant Insurance Policies and Hartford's Continuing and Primary Defense Obligation

Pursuant to the Lease, Ashley Furniture obtained the Hartford Policy.

Ohio Security issued policy no. BLS (16) 56862638 to Carson Madrona Company effective from August 31, 2015 to August 31, 2016 (the "Ohio Security Policy"). Among other terms, provisions, conditions, limits, exclusions and endorsements, under Section IV – COMMERCIAL GENERAL LIABILITY CONDITIONS, 4. Other Insurance, b. Excess Insurance, the Ohio Policy states, in part, that the Ohio Policy is excess over: "Any other primary insurance available to [Carson Madrona] covering liability for damages arising out of the premises or operations, or the products and completed operations, for which you have been added as an additional insured." American Fire issued excess liability insurance to Carson Madrona, effective August 31, 2015 to August 31, 2016.

Carson Madrona tendered its defense to Hartford in connection with the Underlying Lawsuit on the basis that Carson Madrona qualified as an additional insured pursuant to the broad defense, indemnity, and insurance obligations in the Hartford Policy's Lessors of Land provision, Section II(6)(c.), which provision provides that lessors of a premises rented to the named insured qualify as insureds "with respect to liability arising out of the ownership, maintenance or use of that part of the…premises leased to [the named insured]…" ("Lessors of Land Provision"). Since 2020, Hartford defended Carson Madrona in the Underlying Lawsuit pursuant to the Lessors of Land Provision.

///

///

///

In September 2023, Hartford for the first time took the position that a blanket additional insured (AI) endorsement providing certain coverage "where required by written contract or agreement" applies. This AI endorsement would provide coverage only for "bodily injury" liability "caused, in whole or in part" by the named insured's acts or omissions.

3. **Legal Issues:**

Hartford filed this action seeking declaratory (against all defendants) and equitable relief (against Ohio Security) as follows: (1) Declaratory Judgment that Hartford had no duty to defend Carson Madrona from the outset, i.e., that no duty to defend ever arose under the Hartford Policy as applied to the facts of the Underlying Lawsuit; (2) Declaratory Judgement that even if such a duty initially arose, it has since terminated; (3) Declaratory Judgement that Hartford has no duty to indemnify Carson Madrona in the Underlying Lawsuit and, therefore, no prospective duty to defend; (4) claims for equitable indemnity, contribution and subrogation, seeking reimbursement from Ohio Security for sums that Hartford has paid or may pay in the future that Hartford contends rightfully should have been paid by Ohio Security.

    a.    *Plaintiff Hartford's Statement*

Hartford contends that under its policy language, as applied to the facts surrounding the Underlying Lawsuit, as further supported by the jury verdict and judgment in the Underlying Lawsuit, Carson Madrona is not entitled to defense or indemnity coverage as an additional insured under the Hartford Policy. As set forth in the Complaint, Hartford relies on its policy language, including an "Additional Insured – Designated Premises or Organization" endorsement and an endorsement that replaces a portion of the "Other Insurance" provision in the Hartford Policy, including an "Additional Insureds Other Insurance" provision.

Ohio Security has provided a defense to SanOak and Hartford understands that Ohio Security does not dispute that it would have a duty to defend Carson Madrona in the Underlying Lawsuit if Carson Madrona was not entitled to a defense as an additional insured under the Hartford Policy. The legal issues in dispute between Hartford and Ohio Security is as to (i) whether Hartford owes any duty to Carson Madrona under the facts here, (ii) if Hartford would owe any such duty, as between Hartford and Ohio Casualty which of them would have primary obligations and which

6

INITIAL JOINT CASE MANAGEMENT STATEMENT

would be in an excess insurance position, and (iii) alternatively, would the respective "other insurance" provisions be deemed to effectively cancel each other out, such that a shared obligation to defend Carson Madrona would exist.

    **b.** ***Defendant Carson Madrona's Statement***

Carson Madrona contends that Hartford, Ohio Security and American Fire have obligations to defend and indemnify Carson Madrona from the claims in the underlying case under the terms of their respective insurance policies.

    **c.** ***Insurer Defendants' Statement***

Hartford has a duty to defend and indemnify Carson Madrona in the Underlying Lawsuit on a primary and non-contributory basis. The Insurer Defendants intend to file their own Declaratory and Equitable Relief claims. In the interim, the Insurer Defendants address Hartford's contentions in Hartford's First Amended Complaint as follows:

Prior to September 2023, Hartford provided Carson Madrona with a defense as an additional insured pursuant to the Lessors of Land Provision in the Hartford Policy. Hartford has waived any purported right to rely on the blanket additional insured (AI) endorsement as a defense to coverage. Furthermore, the Lessors of Land Provision specifically addresses lessors like Carson Madrona, and applies over the newly raised AI endorsement, which provides more general coverage. The Lessors of Land Provision provides the coverage required by the Lease, which required that the tenant obtain insurance for Carson Madrona for liability "arising out of the operation, maintenance, use or occupancy" of the subject premises. (23.1 Tenant's Liability Insurance.) The coverage provided to Carson Madrona under the Lessors of Land provision in the Hartford Policy does not require proof of liability on the part of Ashley Furniture to trigger indemnity coverage for Carson Madrona.

**4.** **Motions:**

    **a.** ***Plaintiff Hartford's Statement***

Hartford anticipates filing an early partial summary judgment motion to adjudicate its declaratory judgment claims for relief, which will inform how to proceed with its equitable relief/reimbursement claims.

///

### b. *Defendant Carson Madrona's Statement*

Carson Madrona anticipates filing a motion for summary judgment or partial summary judgment seeking dismissal of Hartford's complaint and judgment in favor of Carson Madrona's anticipated counterclaims, or various claims for relief pleaded in those pleadings.

### c. *Insurer Defendants' Statement*

The Insurer Defendants intend to file partial summary judgment motion to adjudicate declaratory relief judgment with regard to priority of coverage, which will inform how to proceed with its equitable relief/reimbursement claims.

## 5. Amendment of Pleadings:

### a. *Plaintiff Hartford's Statement*

Hartford anticipates that in responding to the Complaint on or before April 1, 2024, Carson Madrona and the Insurer Defendants, respectively, may file counterclaims. In that event, the nature and scope of the counterclaims will inform whether Hartford will seek any further amendment to the Complaint (whether by stipulation among the parties or by motion for leave to amend, if warranted). Presently, however, Hartford does not contemplate any further amendment to the Complaint.

### b. *Defendant Carson Madrona's Statement*

Carson Madrona anticipates filing an answer and counterclaims on or before April 1, 2024.

### c. *Insurer Defendants' Statement*

The Insurer Defendants will file their own counterclaims with its responsive pleading.

## 6. Evidence Preservation:

The Parties and their attorneys are preserving evidence related to this action by, for example, not destroying documents pursuant to a document destruction program and not deleting electronically recorded material.

## 7. Disclosures:

No Court Order has yet been issued setting a deadline for exchange of Rule 26f Disclosure Statements. The Parties respectfully suggest that the Court defer setting such a date until after all parties have appeared and the case is at issue.

8. **Discovery:**

   a. *Plaintiff Hartford's Statement*

   Hartford believes this case is appropriate for early summary judgment motions with little or no discovery necessary before such motions are filed. In any event, Hartford anticipates that written discovery, if any, will proceed in its usual course.

   b. *Defendant Carson Madrona's Statement*

   Carson Madrona believes that more than minimal discovery will be required before motions for summary judgment or summary adjudication are filed.

   c. *Insurer Defendants' Statement*

   The Insurer Defendants anticipate that minimal discovery will be required.

9. **Class Actions:**

   Not applicable.

10. **Related Cases:**

    The only related case is the Underlying Lawsuit (including any appeals thereof) out of which this coverage action arose, which is discussed more fully in Section 2.a. As noted in Section 2.a, judgment has been entered in that case after a jury trial, and the appeal process is in its early stages.

11. **Relief:**

    a. *Plaintiff Hartford's Statement*

    Hartford seeks a judicial declaration that it has no duty to defend or indemnify Carson Madrona in the Underlying Lawsuit (or, in the alternative, that any duty to defend has terminated; or, in the further alternative, that it has no duty to indemnify and, therefore, no prospective duty to defend).

    Hartford also seeks equitable relief from Ohio Security in the form of equitable indemnity, contribution and/or subrogation, with reimbursement of sums Hartford has paid or may pay in the future in connection with Carson Madrona's defense in the Underlying Lawsuit, which sums should have been paid by Ohio Security.

    b. *Defendant Carson Madrona's Statement*

    Carson Madrona will seek a judicial declaration that Hartford is obligated to defend and

indemnify Carson Madrona from the claims in the underlying case under the terms of the policies at issue in this case, and damages for Hartford's breach of the insurance contracts at issue and bad faith. Carson Madrona anticipates filing counterclaims against Ohio Security and American Fire seeking similar relief.

### c. *Insurer Defendants' Statement*

The Insurer Defendants will file its own counterclaims. Through the intended counterclaims, the Insurer Defendants, will among other things, seek judicial determinations of the following: First, Hartford owes defense and indemnity obligations to Carson Madrona as an additional insured based on Hartford's broad defense and indemnity obligations pursuant to the policy it issued to Ashely Furniture. Second, Hartford owes primary and non-contributory defense and indemnity obligations on behalf of Carson Madrona, where Ohio Security has paid indemnity amounts that should have been borne by Hartford first with respect to the verdict in the Underlying Lawsuit

The Insurer Defendants will also seek equitable relief from Hartford, Carson Madrona and other carriers which may have issued applicable policies of insurance to Ashley Furniture in the form of equitable indemnity, contribution and/or subrogation, with reimbursement of sums the Insurer Defendants have paid or may pay in the future in connection with Carson Madrona's defense and/or indemnity in the Underlying Lawsuit.

**12. Settlement and ADR:**

Regarding ADR L.R. 3-5, Hartford has filed the required ADR Certification (ECF No. 13). Carson Madrona and the Insurer Defendants will do so at the appropriate time when they respond to the Complaint. As part of the meet and confer process for this Case Management Statement, counsel for all Parties discussed whether this case is likely to be settled through mediation at the appropriate time. The Parties agree that private mediation is the preferred path.

**13. Other References:**

At this time, the Parties do not believe that this action is an appropriate action to be referred to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

///

///

**14. Narrowing of Issues:**

The issues in this case are relatively narrow to begin with, but the Parties will endeavor to explore the extent to which stipulations may be reached regarding facts and the authenticity of documents. The Parties also anticipate that issues may be narrowed, if not resolved entirely, by summary judgment motion practice.

**15. Scheduling:**

Given that no defendant has yet responded to the Complaint and no response is due until April 1, 2024, the Parties request that no trial date or deadlines be set until the case is at issue and initial discovery, if any, is complete.

Given the current status, the Parties respectfully suggest that the Initial Case Management Conference be continued for 75 to 90 days, by which time all defendants will have responded to the Complaint and had the opportunity to further discuss mediation and possible resolution of the disputed issues presented in this action; or that the next case management conference be set for that time. If the current March 8, 2024, date for the Initial Case Management Conference remains on calendar, all Parties will appear (via video conference, per the Court's Notice).

**16. Trial:**

The Parties currently anticipate that this case will be resolved by motion practice. However, since the case is not yet at issue, the Parties can only roughly estimate that any trial would not take more than approximately 10 days, at most, depending on the narrowing of issues and results of motion practice. Hartford did not request a jury trial in its Complaint. A jury trial may be requested by Carson Madrona and/or the Insurer Defendants when they file their respective responses to the Complaint.

**17. Disclosure of Non-Party Interested Entities or Persons:**

Hartford has filed its certification of interested entities. (ECF No. 1-2). The other Parties will do so at the appropriate time when they file their respective responses to the Complaint.

**18. Professional Conduct:**

The Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19.   Other Matters:**

None.

Dated:  March 1, 2024	**McCLOSKEY, WARING, WAISMAN & DRURY LLP**

By: _/s/ Heather L. McCloskey_
　　Sonia S. Waisman
　　Heather L. McCloskey
　Attorneys for Plaintiff
　HARTFORD FIRE INSURANCE COMPANY

Dated:  March 1, 2024	**MITCHELL SILBERBERG & KNUPP LLP**

By: _/s/ Yakub Hazzard_
　　Yakub Hazzard
　Attorneys for Defendant
　CARSON MADRONA COMPANY, LLC

Dated:  March 1, 2024	**MUSICK, PEELER & GARRETT LLP**

By: _/s/ Lawrence A. Tabb_
　　Lawrence A. Tabb
　　Danica Lam
　Attorneys for Defendants
　OHIO SECURITY INSURANCE COMPANY
　and AMERICAN FIRE AND CASUALTY
　COMPANY

## Signature Attestation

Pursuant to Civil L.R. 5-1(h)(3) I hereby attest that concurrence in the filing of this document had been obtained from each of the other signatories whose signatures are indicated by a conformed signature ("/s/") within this e-filed document.

Dated: March 1, 2024

**McCLOSKEY, WARING, WAISMAN & DRURY LLP**

By: /s/ Heather L. McCloskey
Sonia S. Waisman
Heather L. McCloskey
Attorneys for Plaintiff
HARTFORD FIRE INSURANCE COMPANY

# CERTIFICATE OF SERVICE

I hereby certify that on **March 1, 2024**, I electronically filed the **INITIAL JOINT CASE MANAGEMENT STATEMENT** through this Court's electronic transmission facilities via the Notice of Electronic Filing (NEF) and hyperlink, to the parties and/or counsel who are determined this date to be registered CM/ECF Users set forth in the service list obtained from this Court on the Electronic Mail Notice List.

*/s/ Heather L. McCloskey*
Heather L. McCloskey