1  JEAN PIERRE NOGUES (SBN 84445), jpn@msk.com
   YAKUB HAZZARD (SBN 150242), yxh@msk.com
2  IAN LOGAN (SBN 328857), itl@msk.com
   MITCHELL SILBERBERG & KNUPP LLP
3  2049 Century Park East, 18th Floor
   Los Angeles, CA 90067-3120
4  Telephone:  (310) 312-2000
   Facsimile:  (310) 312-3100
5
   Attorneys for Defendant and Counterclaimant
6  Carson Madrona Company, LLC

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

| 11 | HARTFORD FIRE INSURANCE COMPANY, | CASE NO. 3:23-CV-06259-VC |
|---|---|---|
| 12 | Plaintiff, | |
| 13 | v. | **ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS OF DEFENDANT CASON MADRONA COMPANY, LLC** |
| 14 | CARSON MADRONA COMPANY, LLC; OHIO SECURITY INSURANCE COMPANY; AMERICAN FIRE AND CASUALTY COMPANY; and DOES 1 through 10, inclusive, | |
| 15 | | **DEMAND FOR JURY TRIAL** |
| 16 | | |
| 17 | Defendants. | Filed:  December 4, 2023 |
| 18 | | |
| 19 | CARSON MADRONA COMPANY, LLC; | |
| 20 | Counterclaimant; | |
| 21 | v. | |
| 22 | HARTFORD FIRE INSURANCE COMPANY; | |
| 23 | Counterclaim Defendant. | |

24

25

26        Defendant Carson Madrona Company, LLC ("Carson Madrona"), by and through its

27  undersigned counsel, for its Answer to the First Amended Complaint ("Complaint") of Hartford

28  Fire Insurance Company ("Plaintiff"), alleges as follows:

Mitchell Silberberg & Knupp LLP
16404611.3

# INTRODUCTION

1. Carson Madrona avers that, to the extent paragraph 1 asserts legal conclusions, no response is required or given. Carson Madrona admits that the above captioned action involves disputes arising from the underlying lawsuit captioned *Gary Mountain, et al. v. DP Electric, et al.*, Alameda County Superior Court Case No. RG17857926, including the cross-complaints filed therein by David Luis Perez and his wife Donna Perez, and the currently-pending appeal thereof (the "Underlying Lawsuit").

2. Responding to paragraph 2 of the Complaint, Carson Madrona admits that it is a defendant in the Underlying Lawsuit, and that it seeks indemnity from Hartford. Carson Madrona lacks sufficient knowledge or information to admit or deny the remainder of the allegations of paragraph 2, and on that basis they are denied.

3. Responding to paragraph 3 of the Complaint, Carson Madrona admits that Ohio Security Insurance Company ("Ohio Security") issued an insurance policy to Carson Madrona as the named insured, and that it is informed and believes that Ohio Security contends that Hartford has the sole obligation to defend Carson Madrona in the Underlying Lawsuit, and that the policy issued by Ohio Security is excess over the Hartford policy.

4. Responding to paragraph 4, Carson Madrona admits that American Fire and Casualty Company ("American Fire") issued an excess liability insurance policy to Carson Madrona as the named insured.

# JURISDICTION

5. Carson Madrona admits the allegations of paragraph 5 of the Complaint.

# PARTIES

6. Carson Madrona lacks sufficient knowledge or information to admit or deny the allegations of paragraph 6 of the Complaint, and on that basis they are denied.

7. Carson Madrona admits the allegations of paragraph 7 of the Complaint.

8. Carson Madrona lacks sufficient knowledge or information to admit or deny the allegations of paragraph 8 of the Complaint, and on that basis they are denied.

9. Carson Madrona lacks sufficient knowledge or information to admit or deny the allegations of paragraph 9 of the Complaint, and on that basis they are denied.

10. Carson Madrona lacks sufficient knowledge or information to admit or deny the allegations of paragraph 10 of the Complaint, and on that basis they are denied.

**VENUE**

11. Carson Madrona admits the allegation of paragraph 11 of the Complaint.

**GENERAL ALLEGATIONS**

**A.     The Lease and the Lease Termination Agreement**

12. Responding to paragraph 12 of the Complaint, Carson Madrona admits that, on January 17, 2012, it entered a lease agreement with Warehouse and Delivery Solutions, Inc., d/b/a Ashley Furniture related to the warehouse located at 695 Coliseum Way. As to the remaining allegations in paragraph 12, Carson Madrona admits to the existence of the document referenced in paragraph 12, and avers that the document speaks for itself.

13. Carson Madrona lacks sufficient knowledge or information to admit or deny the allegations of paragraph 13, and on that basis they are denied.

14. Responding to paragraph 14 of the Complaint, Carson Madrona admits that the Lease contains the language quoted in paragraph as well as many other terms. As to the remaining allegations of paragraph 14, Carson Madrona admits to the existence of Lease, and avers that the document speaks for itself.

15. Responding to paragraph 15 of the Complaint, Carson Madrona admits to the existence of the Lease and avers that the Lease in all respects speaks for itself.  To the extent paragraph 15 asserts legal conclusions, no response is required or given.

16. Responding to paragraph 16 of the Complaint, Carson Madrona admits to the existence of a Lease Termination Agreement, and avers that such Lease Termination Agreement in all respects speaks for itself.  To the extent paragraph 16 asserts legal conclusions, no response is required or given.

Mitchell Silberberg & Knupp LLP
16404611.3

**B.     The Underlying Lawsuit**

17.    Carson Madrona lacks sufficient knowledge or information to admit or deny the allegations of paragraph 17 of the Complaint, and on that basis they are denied.

18.    Carson Madrona admits the allegations of paragraph 18 of the Complaint.

19.    Carson Madrona admits to the allegations in paragraph 19 of the Complaint.

20.    Carson Madrona admits to the allegations in paragraph 20 of the Complaint.

21.    Carson Madrona admits the allegations of paragraph 21 of the Complaint, but avers that the verdict and judgment in the case are erroneous; accordingly, Carson Madrona has appealed the judgment.

22.    Carson Madrona admits the allegations of paragraph 22 of the Complaint.

**C.     Defense of Carson Madrona**

23.    Responding to paragraph 23 of the Complaint, Carson Madrona admits that it tendered defense and indemnity of Mountain's claim to Ashley/Stoneledge, that Ashley/Stoneledge initially accepted the tender but reneged on its agreement to defend and indemnify Carson Madrona. Except as expressly admitted herein, Carson Madrona denies the allegations of paragraph 23 of the Complaint.

24.    Responding to paragraph 24 of the Complaint, Carson Madrona admits that it tendered its defense and indemnity of the Underlying Lawsuit to Hartford as an additional insured under the Leaseholder(s) policy with Hartford, and that Hartford agreed to defend Carson Madrona under a reservation of rights which in all respects speaks for itself. Except as expressly admitted herein, Carson Madrona denies the allegations of paragraph 24 of the Complaint.

25.    Carson Madrona denies the allegations in paragraph 25.

26.    Responding to paragraph 26 of the Complaint, Carson Madrona admits that Ohio Specialty took and takes the position that its policy is excess to the Hartford policy. Except as expressly admitted herein Carson Madrona denies the allegations of paragraph 26 of the Complaint.

27.    Responding to paragraph 27 of the Complaint, Carson Madrona admits that after agreeing to defend Carson Madrona, Hartford subsequently took the position that it was not

obligated to do so.  Except as expressly admitted herein, Carson Madrona denies the allegations of paragraph 27 of the Complaint.

**D.     The Insurance Policies**

### *The Hartford Policy*

28.     Carson Madrona admits to the existence of the document referenced in paragraph 28, and avers that the document speaks for itself.

29.     Carson Madrona admits to the existence of the Hartford policy referenced in paragraph 29, and that paragraph accurately quotes a portion of the Hartford policy.  Carson Madrona avers that the Hartford policy speaks for itself.

30.     Carson Madrona admits to the existence of the Hartford policy referenced in paragraph 30, and avers that the document speaks for itself.  Except as expressly admitted or averred herein, Carson Madrona denies the allegations of paragraph 30 of the Complaint.

31.     Carson Madrona admits to the existence of the Hartford policy referenced in paragraph 31, and that paragraph accurately quotes a portion of the Hartford policy.  Carson Madrona avers that the Hartford policy speaks for itself.

32.     Carson Madrona admits to the existence of the Hartford policy referenced in paragraph 32, and that paragraph accurately quotes a portion of the Hartford policy.  Carson Madrona avers that the Hartford policy speaks for itself.

### *The Ohio Security Primary Policy*

33.     Carson Madrona admits to the existence of the Ohio Security policy referenced in paragraph 33, and avers that the document speaks for itself.

34.     Carson Madrona admits to the existence of the Ohio Security policy referenced in paragraph 34 and that a portion of the Ohio Security policy has been quoted therein. Carson Madrona avers that the policy speaks for itself.

35.     Responding to paragraph 35 of the Complaint, Carson Madrona admits that it is informed and believes that Ohio Security takes the position that its policy is excess to the Hartford policy.

Mitchell Silberberg & Knupp LLP

16404611.3

5     CASE NO. 3:23-CV-06259-VC

**CARSON MADRONA'S ANSWER TO FAC AND COUNTERCLAIMS**

### *The American Fire Excess Policy*

36. Carson Madrona admits to the existence of the document referenced in paragraph 36, and avers that the document speaks for itself.

**FIRST CLAIM FOR RELIEF**

**(DECLARATORY JUDGMENT – Against All Defendants)**

**(*No Duty To Defend Carson Madrona*)**

37. Carson Madrona realleges and incorporates the foregoing responses to the Complaint as if set forth fully herein.

38. Carson Madrona admits the allegations in paragraph 38.

39. Responding to paragraph 39 of the Complaint, Carson Madrona admits that Hartford contends it has no obligation under the Hartford policy to defend Carson Madrona in the underlying lawsuit. However, Carson Madrona denies Hartford's allegations, and avers that Hartford was and is obligated to defend and indemnify Carson Madrona under the Hartford Policy.

40. Responding to paragraph 40 of the Complaint, Carson Madrona admits that it disputes Hartford's position as alleged in paragraph 39 of the Complaint, and that it is informed and believes that Ohio Casualty and American Fire also dispute those allegations.

41. Carson Madrona avers that, to the extent paragraph 41 asserts legal conclusions, no response is required or given. To the extent that a response is required, Carson Madrona denies that Hartford is entitled to the declaration it seeks in paragraph 41 of the Complaint.

42. Carson Madrona denies the allegations in paragraph 42 of the Complaint.

**SECOND CLAIM FOR RELIEF**

**(DECLARATORY JUDGMENT – Against All Defendants)**

**(*Even If Hartford Had a Duty To Defend Carson Madrona, Any Such Duty Has Terminated*)**

43. Carson Madrona realleges and incorporates herein the foregoing responses to the Complaint as if set forth fully herein.

44. Carson Madrona admits the allegations in paragraph 44.

45. Responding to paragraph 45 of the Complaint, Carson Madrona admits that Hartford contends it has no obligation under the Hartford policy to defend Carson Madrona in the

underlying lawsuit. However, Carson Madrona denies Hartford's allegations, and avers that Hartford was and is obligated to defend and indemnify Carson Madrona under the Hartford Policy.

46. Carson Madrona admits the allegations in paragraph 46.

47. Carson Madrona avers that, to the extent paragraph 47 asserts legal conclusions, no response is required or given. To the extent that a response is required, Carson Madrona denies that Hartford is entitled to the declaration it seeks in paragraph 47 of the Complaint.

48. Carson Madrona denies the allegations in paragraph 48.

## THIRD CLAIM FOR RELIEF

## (DECLARATORY JUDGMENT – Against All Defendants)

### (*No Duty To Indemnify Carson Madrona in the Underlying Lawsuit; and No Prospective Duty to Defend*)

49. Carson Madrona realleges and incorporates herein the foregoing responses to the Complaint as if set forth fully herein.

50. Carson Madrona admits the allegations in paragraph 50.

51. Responding to paragraph 51 of the Complaint, Carson Madrona admits that Hartford contends it has no obligation under the Hartford policy to defend or indemnify Carson Madrona in the underlying lawsuit. However, Carson Madrona denies Hartford's allegations, and avers that Hartford was and is obligated to defend and indemnify Carson Madrona under the Hartford Policy.

52. Carson Madrona admits the allegations in paragraph 52 of the Complaint.

53. Carson Madrona avers that, to the extent paragraph 53 asserts legal conclusions, no response is required or given. To the extent that a response is required, Carson Madrona denies the allegations in paragraph 53 of the Complaint.

54. Carson Madrona avers that, to the extent paragraph 54 asserts legal conclusions, no response is required or given. To the extent that a response is required, Carson Madrona denies that Hartford is entitled to the declaration it seeks in paragraph 54 of the Complaint.

## FOURTH CLAIM FOR RELIEF

## (EQUITABLE INDEMNITY – Against Ohio Security and the DOE Defendants)

55. Carson Madrona avers that the allegations set forth in paragraph 55 are not directed toward Carson Madrona; accordingly, no response is required or given.

56. Carson Madrona avers that the allegations set forth in paragraph 56 are not directed toward Carson Madrona; accordingly, no response is required or given.

57. Carson Madrona avers that the allegations set forth in paragraph 57 are not directed toward Carson Madrona; accordingly, no response is required or given.

58. Carson Madrona avers that the allegations set forth in paragraph 58 are not directed toward Carson Madrona; accordingly, no response is required or given.

## FIFTH CLAIM FOR RELIEF

## (CONTRIBUTION – Against Ohio Security and the DOE Defendants)

59. Carson Madrona avers that the allegations set forth in paragraph 59 are not directed toward Carson Madrona; accordingly, no response is required or given.

60. Carson Madrona avers that the allegations set forth in paragraph 60 are not directed toward Carson Madrona; accordingly, no response is required or given.

61. Carson Madrona avers that the allegations set forth in paragraph 61 are not directed toward Carson Madrona; accordingly, no response is required or given.

62. Carson Madrona avers that the allegations set forth in paragraph 62 are not directed toward Carson Madrona; accordingly, no response is required or given.

63. Carson Madrona avers that the allegations set forth in paragraph 63 are not directed toward Carson Madrona; accordingly, no response is required or given.

64. Carson Madrona avers that the allegations set forth in paragraph 64 are not directed toward Carson Madrona; accordingly, no response is required or given.

65. Carson Madrona avers that the allegations set forth in paragraph 65 are not directed toward Carson Madrona; accordingly, no response is required or given.

66. Carson Madrona avers that the allegations set forth in paragraph 66 are not directed toward Carson Madrona; accordingly, no response is required or given.

## SIXTH CLAIM FOR RELIEF

### (SUBROGATION – Against Ohio Security)

67. Carson Madrona avers that the allegations set forth in paragraph 67 are not directed toward Carson Madrona; accordingly, no response is required or given.

68. Carson Madrona avers that the allegations set forth in paragraph 68 are not directed toward Carson Madrona; accordingly, no response is required or given.

69. Carson Madrona avers that the allegations set forth in paragraph 69 are not directed toward Carson Madrona; accordingly, no response is required or given.

70. Carson Madrona avers that the allegations set forth in paragraph 70 are not directed toward Carson Madrona; accordingly, no response is required or given.

71. Carson Madrona avers that the allegations set forth in paragraph 71 are not directed toward Carson Madrona; accordingly, no response is required or given.

72. Carson Madrona avers that the allegations set forth in paragraph 72 are not directed toward Carson Madrona; accordingly, no response is required or given.

## PRAYER FOR RELIEF

Carson Madrona denies that Hartford is entitled to the relief requested in its Prayer for relief, or to any other relief whatsoever.

## **AFFIRMATIVE DEFENSES**

Without waiving or excusing the burden of proof of Hartford, or admitting that Carson Madrona has any burden of proof, Carson Madrona asserts the following affirmative and other defenses. Carson Madrona does not presently know all facts and circumstances with respect to Hartford's allegations, and thereby reserves the right to amend this Answer should it later discover facts demonstrating the existence of additional defenses.

## **FIRST AFFIRMATIVE DEFENSE**

### (Failure to State a Claim)

1. The Complaint and any purported claims for relief therein fail to state a claim for which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Breach and Default by Plaintiff)

2. Carson Madrona has substantially performed any and all contractual obligations, and any duty or performance on behalf of Carson Madrona is excused by Hartford's own actions, breaches, and defaults, including but not limited to those specified in Carson Madrona's counterclaims.

## THIRD AFFIRMATIVE DEFENSE

### (Waiver)

3. Hartford has expressly and impliedly waived the right, if any, to pursue any of the causes of action alleged in the Complaint by reason of its own actions and course of conduct.

## FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

4. Hartford's claims and damages are barred, in whole or in part, by the doctrine of estoppel.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands/*In Pari Delicto*)

5. Hartford has not come to Court with clean hands and thus, its claims and damages are barred, in whole or in part, by the doctrines of unclean hands and *in pari delicto*.

## SIXTH AFFIRMATIVE DEFENSE

### (Ratification/Acquiescence/Abandonment/Forfeiture)

6. Hartford's claims and damages are barred, in whole or in part, by the doctrines of ratification, acquiescence, abandonment, and/or forfeiture.

## SEVENTH AFFIRMATIVE DEFENSE

### (Good Faith)

7. Hartford's claims and damages are barred, in whole or in part, because Carson Madrona has acted in good faith in all of its dealings with Hartford.

## EIGHTH AFFIRMATIVE DEFENSE

### (Bad Faith)

8. Hartford's claims and damages are barred, in whole or in part, as a result of Hartford's bad faith.

## NINTH AFFIRMATIVE DEFENSE

### (Laches)

9. Hartford's claims and damages are barred, in whole or in part, by the doctrine of laches.

## TENTH AFFIRMATIVE DEFENSE

### (Set off/Recoupment)

10. Hartford's claims and damages are barred, in whole or in part, by the doctrines of setoff and recoupment.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

11. Hartford's claims and damages are barred, in whole or in part, because Hartford would be unjustly enriched if it were allowed to recover on the Complaint.

## RESERVATION OF ADDITIONAL DEFENSES

Carson Madrona reserves the right to assert additional defenses which become apparent in discovery or otherwise.

WHEREFORE, Carson Madrona respectfully submits that the Complaint should be dismissed with prejudice and judgment entered in favor of Carson Madrona, and that Hartford shall take nothing by way of its Complaint.

**DEMAND FOR JURY TRIAL**

Carson Madrona demands a trial by jury of all issues triable of right by jury.

DATED: April 1, 2024

RESPECTFULLY SUBMITTED,

JEAN PIERRE NOGUES
YAKUB HAZZARD
IAN LOGAN
MITCHELL SILBERBERG & KNUPP LLP

By: _____
Yakub Hazzard
Attorneys for Defendant
Carson Madrona Company, LLC

**COUNTERCLAIMS OF CARSON MADRONA COMPANY, LLC AGAINST HARTFORD FIRE INSURANCE COMPANY**

Carson Madrona Company, LLC ("Carson Madrona"), by and through its undersigned counsel, hereby alleges, on personal knowledge as to its own actions and on information and belief as to the actions of others, as follows:

**NATURE OF ACTION**

1. Carson Madrona brings these counterclaims to obtain a declaration that Insurer Hartford Fire Insurance Company ("Hartford") has a duty to defend and indemnify Carson Madrona in the action entitled *Gary Mountain, et al. v. DP Electric, et al.*, Alameda County Superior Court Case No. RG17857926, including the cross-complaints filed therein by David Luis Perez and his wife Donna Perez, and the subsequent appeal (collectively, the "Underlying Lawsuit"), pursuant to the terms, conditions, and limits of the insurance policy under which Carson Madrona is an additional insured of Hartford (the "Hartford Policy").

2. To the extent Hartford refuses to defend and indemnify Carson Madrona in the Underlying Lawsuit, Carson Madrona in these counterclaims also brings a breach of contract claim for damages for Hartford's breach of the terms of the Hartford Policy. Pursuant to that

claim, Carson Madrona seeks reimbursement from Hartford for all defense fees, costs, and the value of the judgment incurred in the Underlying Lawsuit, including the bond posted while the Underlying Lawsuit is appealed, up to the limits of the Hartford Policy.

3. Additionally, Hartford used Carson Madrona's confidential information and litigation strategy to benefit Hartford's other insured and to support Hartford's bad faith effort to avoid its obligations to Carson Madrona.

## **JURISDICTION**

4. Jurisdiction is proper in this Court under 28 U.S.C. §1332 based on diversity of citizenship of the parties, as set forth below, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## **PARTIES**

5. Defendant and Counterclaimant Carson Madrona Company, LLC is a California limited liability company with its principal place of business in Los Angeles County, California.

6. On information and belief, Plaintiff and Counterdefendant Hartford Fire Insurance Company is and at all relevant times was a corporation formed under the laws of the State of Connecticut, with its principal place of business in Hartford, Connecticut. At all times mentioned in this Counterclaim, the First Amended Complaint and in the Underlying Lawsuit, Hartford has been authorized to do business in the State of California.

## **VENUE**

7. Venue is proper in the Northern District of California, pursuant to 28 U.S.C. § 1391(a)(2), because a substantial part of the events that are the subject matter of this action and the Underlying Lawsuit occurred within the Northern District.

## **BACKGROUND FACTS**

**A. The Lease**

8. On or around January 17, 2012, Carson Madrona leased a portion of its warehouse located at 6195 Coliseum Way, Oakland, California (the "Leased Premises"), to Warehouse and Delivery Solutions, Inc. dba Ashley Furniture ("WDS") (the "Lease").

9. On April 5, 2016, Stoneledge Furniture, LLC dba Ashley Furniture Homestore ("Stoneledge") entered into an Asset Purchase Agreement, which assigned to Stoneledge WDS's rights under the Lease. WDS, Stoneledge, and Ashley Furniture Industries, Inc. are collectively referred to as "Ashley Furniture".

10. The Lease required Ashley Furniture to maintain "electrical systems to the extent located within the [Leased Premises]" (Article 6 – Repairs and Maintenance); defend and indemnify Carson Madrona for any claim "arising out of or in any way connected with, and Landlord shall not be liable to Tenant on account of (a) Tenant's use of the Premises; [and] (b) the conduct of Tenant's business or anything else done or permitted by Tenant to be done in or about the Premises…" (Article 18 – Indemnification and Liability); and obtain liability insurance for "any and all liability for personal injury … arising out of the operations, maintenance, use or occupancy of the [Leased Premises]," which insurance must be "primary and noncontributing (meaning that Landlord may look solely to the insurance provided hereunder with respect to a covered claim and shall not be required to make a claim under any other insurance Landlord may have)" (Article 23 – Liability Insurance).

## B. The Incident and Underlying Lawsuit

11. On May 17, 2016, Gary Mountain, an employee of Ashley Furniture, called an electrician, David Perez, to make electrical repairs at the Leased Premises. During the repair, both Mountain and Perez suffered burn injuries as the result of an arc flash incident which occurred at the main electrical panel at the Leased Premises (the "Incident").

12. On or about April 24, 2017, Mountain and his wife filed suit against Perez and Carson Madrona (the "Underlying Lawsuit"). The Mountains' claims were resolved by settlement prior to trial.

13. On or about May 9, 2018, Perez and his wife filed a cross-complaint in the Underlying Lawsuit against Ashley, Stoneledge, Carson Madrona, and Carson Madrona's property manager—Diane Pregerson Glazer as Trustee of the Diane Pregerson Glazer Survivor's Trust dba SanOak Management Company ("SanOak"); shortly thereafter the Perezes filed a first amended cross-complaint ("Cross-Complaint") against the same parties.

14. On July 10, 2023, a jury awarded $25,500,000 to the Perezes, assigning fault for the Incident to Carson Madrona and San Oak, and finding that Ashley Furniture was negligent in connection with the Incident.

15. Carson Madrona, SanOak, and the Perezes have each filed appeals of the verdict.

## C. The Insurance Policies

### *The Hartford Policy*

16. As required by the indemnity provisions within the Lease, Ashely Furniture obtained an insurance policy from Hartford—policy number 41 CSE S30502 (the "Hartford Policy"). The Hartford Policy ran for the period from January 1, 2016 to January 1, 2017, and includes Commercial General Liability ("CGL") coverage with a limit of $2 million per "occurrence," subject to a $1 million per "occurrence" deductible.

17. Carson Madrona is insured under the Hartford Policy, which, under Section II (Who Is An Insured), provides coverage under the following terms:

> **SECTION II – WHO IS AN INSURED**
>
> * * *
>
> **6. Additional Insureds When Required by Written Contract, Written Agreement or Permit**
>
> The following person(s) or organization(s) are an additional insured when you have agreed, in a written contract, written agreement or because of a permit issued by a state or political subdivision, that such person or organization be added as an additional insured on your policy, provided the injury or damage occurs subsequent to the execution of the contract or agreement.
>
> * * *
>
> **c. Lessors of Land or Premises**
>
> Any person or organization from whom you lease land or premises, but only with respect to liability arising out of the ownership, maintenance or use of that part of the land or premises leased to [the named insured].

18. Carson Madrona's defense in connection with the Underlying Lawsuit was tendered to Hartford on the basis that Carson Madrona qualified as an additional insured pursuant to the broad defense, indemnity, and insurance obligations in the Hartford Policy's Lessors of Land provision, Section II(6)(c).

19. In a letter dated March 30, 2020, Hartford agreed to defend Carson Madrona in the Underlying Lawsuit pursuant to the Lessors of Land Provision.

20. Hartford used Carson Madrona's confidential information and litigation strategy in the Underlying Lawsuit to benefit Ashley and to support Hartford's bad faith denial of coverage for Carson Madrona. Indeed, Carson Madrona's Vice President wrote closing arguments for use by Carson Madrona's attorneys at the jury trial. However, without Carson Madrona's knowledge or consent, Ashely Furniture's attorneys—also hired by Hartford—used some specific items from the closing remarks written by Carson Madrona's Vice President to support *Ashely*, rather than Carson Madrona, at trial.

21. Hartford did not accept a § 998 offer tendered by the Perezes, and therefore exposed Carson Madrona to the risk of the ultimate jury verdict plus pre-judgment interest in excess of $8 million.

22. On September 11, 2023, Hartford denied coverage to Carson Madrona, and now contends that no duty to defend or indemnify Carson Madrona in the Underlying Lawsuit ever arose.

23. Ashely Furniture also obtained a Commercial Umbrella Liability Policy from Ace Property & Casualty Insurance Company ("Ace"), policy number G27637425 (the "Ace Policy"). Said policy provides coverage for, among other things, sums an insured becomes legally obligated to pay for bodily injury and property damage. The Ace Policy was effective from January 1, 2016 to January 1, 2017 and has $25 million per occurrence limit and a $25 million general aggregate limit. The Ace Policy identifies the Hartford Policy as underlying insurance. The Ace Policy and Ace's obligations to Carson Madrona thereunder are the subject of the Third Party Complaint in this action filed by Carson Madrona.

# FIRST CLAIM FOR RELIEF

## (DECLARATORY JUDGMENT – Against Counterdefendant Hartford)

### (*Duty to Defend and Indemnify Carson Madrona*)

24. Carson Madrona realleges and incorporates the allegations set forth in each of the preceding paragraphs, as though fully set forth herein.

25. Carson Madrona contends that Hartford has a duty to defend and indemnify Carson Madrona in the Underlying Lawsuit under the Hartford Policy.

26. Despite initially defending Carson Madrona in the Underlying Lawsuit, Hartford now disputes that it has a duty to defend and indemnify Carson Madrona in the Underlying Lawsuit, and contends that no such duty ever arose.

27. There exists a genuine and bona fide dispute and an actual controversy and disagreement between Carson Madrona and Hartford regarding whether Hartford had any duty to indemnify Hartford in the Underlying Lawsuit.

28. Carson Madrona requests a judicial declaration that Hartford has a duty to defend and indemnify Carson Madrona in the Underlying Lawsuit under the Hartford Policy.

# SECOND CLAIM FOR RELIEF

## (BREACH OF CONTRACT – Against Counterdefendant Hartford)

29. Carson Madrona realleges and incorporates the allegations set forth in each of the preceding paragraphs, as though fully set forth herein.

30. Under the Hartford Policy, Hartford was and is obligated to, *inter alia*, defend and indemnify Carson Madrona in the Underlying Lawsuit.

31. Hartford has breached its duty to defend Carson Madrona in the Underlying Lawsuit by, among other things and without limitation, denying its obligation to defend and indemnify Carson Madrona in the Underlying Lawsuit, including in Carson Madrona's ongoing appeal in the Underlying Lawsuit,

32. Hartford has also breached its duty to defend Carson Madrona by seeking reimbursement of costs and fees incurred in Carson Madrona's defense in the Underlying Lawsuit before Hartford disavowed its obligation to defend Carson Madrona.

33.     Hartford has also breached its duty to indemnify Carson Madrona by failing to timely pay the judgment and/or post the bond in the Underlying Lawsuit as Carson's Madrona's appeal is pending.

34.     Carson Madrona has duly performed all conditions required of it under the Hartford Policy, except any that were excused by Hartford's breaches and/or other conduct.

35.     The aforementioned conduct of Hartford constitute material breaches of the Hartford Policy, including, without limitation, breaches of the duty to defend and indemnify Carson Madrona in connection with the Underlying Lawsuit.

36.     As a direct and proximate result of Hartford's breaches of the Hartford Policy, Carson Madrona has suffered damages in an amount to be proven at trial, but which exceeds $75,000.

## THIRD CLAIM FOR RELIEF

**(BAD FAITH BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING – Against Counterdefendant Hartford)**

37.     Carson Madrona realleges and incorporates the allegations set forth in each of the preceding paragraphs, as though fully set forth herein.

38.     Hartford is an insurance company transacting an insurance business in California.

39.     The Hartford Policy was issued on or about January 1, 2016.

40.     Carson Madrona is an additional insured under the Hartford Policy.

41.     Following the Incident and initiation of the Underlying Lawsuit, Carson Madrona timely tendered its defense and indemnification to Ashely and Hartford under the terms of the Lease and the Hartford Policy.

42.     Hartford has flagrantly an in conscious disregard and denial of its contractual obligations under the Hartford Policy and the common law failed and refused to fully defend and indemnify Carson Madrona in the Underlying Lawsuit.

43.     Hartford (1) lacks any reasonable basis to deny Carson Madrona's claims for defense and indemnity under the Hartford Policy, and (2) knows of—or has recklessly disregarded the—the absence of any reasonable basis to deny Carson Madrona's claim.

Mitchell Silberberg & Knupp LLP
16404611.3

44. Among other things: (a) Hartford used Carson Madrona's confidential information and litigation strategy to benefit Ashley Furniture and to support Hartford's bad faith denial of its obligations to Carson Madrona; (b) Hartford failed to accept a § 998 offer, which exposed Carson Madrona to the risk of the jury verdict in the Underlying Lawsuit, plus pre-judgment interest in excess of $8million; (c) Hartford then knowingly disavowed its obligation to defend and indemnify Carson Madrona, despite its knowledge that the Lease made Carson Madrona an additional insured, entitled to defense and indemnification, under the Hartford Policy; (d) Hartford has made misrepresentations to Carson Madrona regarding its coverage obligations under the Hartford Policy; (e) Hartford wrongfully seeks to recoup costs incurred in the defense of Carson Madrona in the Underlying Lawsuit, and has failed to timely post an appeal in the Underlying Lawsuit; (f) Hartford filed the above-referenced actions knowing that its claims are unfounded and forced Carson Madrona to file counterclaims against Hartford to compel Hartford's performance under the Policy.

45. Carson Madrona has directly suffered a loss of money or property caused by Hartford's unfair, unreasonable, and deceptive acts or practices.

46. Hartford has failed and refused to indemnify Carson Madrona, and wrongfully and without basis seeks to recoup payments made for Carson Madrona's defense in the Underlying Lawsuit.

47. Hartford's unfair or deceptive acts or practices described above were intentional or knowing violations of California law, and constitute fraud, oppression, and malice under Civil Code Section 3294.

48. Hartford has known since the Underlying Lawsuit was initiated and knows now that it has no legitimate basis for refusing to defend and indemnify Carson Madrona, and willfully misrepresented that it would do so.

49. As a result of the aforementioned conduct of Hartford, Carson Madrona has been damaged in a sum to be determined by the trier of fact, which damages include, but are not limited to the judgment in the Underlying Lawsuit, the cost of the bond Carson Madrona posted in connection with its appeal in the Underlying Lawsuit, as well as the costs and fees Carson

Madrona has incurred and will continue to incur as a result of Hartford's wrongful conduct in flouting its obligations under the Hartford Policy, including Carson Madrona's fees and costs in this action.

50. Carson Madrona also seeks punitive damages as a result of Hartford's tortious conduct, fraud, oppression and malice.

## PRAYER FOR RELIEF

WHEREFORE, Carson Madrona prays for judgment against the Counterdefendants as follows:

1. Under the First Cause of Action, that the Court determine, decree, and adjudge that Hartford has a duty to defend and indemnify Carson Madrona in the Underlying Lawsuit under the Hartford Policy;

2. Under the Second Cause of Action, that the Court award compensatory damages in excess of $2 Million according to proof;

3. Under the Third Cause of Action, that the Court award compensatory and punitive damages in excess of $2 Million according to proof;

4. For pre- and post-judgment interest at the applicable rate; and

5. For such other and further relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Carson Madrona demands a trial by jury of all issues triable of right by jury.

DATED: April 1, 2024

RESPECTFULLY SUBMITTED,

JEAN PIERRE NOGUES
YAKUB HAZZARD
IAN LOGAN
MITCHELL SILBERBERG & KNUPP LLP

By: _____
Yakub Hazzard
Attorneys for Defendant
Carson Madrona Company, LLC

Mitchell Silberberg & Knupp LLP
16404611.3