**MUSICK, PEELER & GARRETT LLP**

333 South Hope Street, Suite 2900
Los Angeles, California 90071-3048
Telephone (213) 629-7600
Facsimile (213) 624-1376

Lawrence A. Tabb (State Bar No. 141471)
  *l.tabb@musickpeeler.com*
Danica Lam (State Bar No. 266710)
  *d.lam@musickpeeler.com*

Attorneys for Defendants and Counterclaimants OHIO SECURITY INSURANCE COMPANY and AMERICAN FIRE AND CASUALTY COMPANY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARTFORD FIRE INSURANCE COMPANY,<br><br>            Plaintiff,<br><br>     vs.<br><br>CARSON MADRONA COMPANY, LLC; OHIO SECURITY INSURANCE COMPANY; AMERICAN FIRE AND CASUALTY COMPANY; and DOES 1 through 10, inclusive,<br><br>            Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No. 3:23-cv-06259-VC<br><br>Judge:   Vince Chhabria<br><br>**DECLARATION OF MARIANNE COSSALTER IN SUPPORT OF OHIO SECURITY INSURANCE COMPANY AND AMERICAN FIRE CASUALTY COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>*[Filed Concurrently with Notice of Motion and Motion for Partial Summary Judgment; Joint Index and Compendium of Evidence in support of Motion and Motion for Partial Summary Judgment; Declaration of Danica Lam; Request for Judicial Notice]*<br><br>Date:    February 20, 2025<br>Time:    10:00 a.m.<br>Place:   San Francisco Courthouse<br>         Courtroom 4 – 17th Floor<br>         450 Golden Gate Avenue<br>         San Francisco, CA 94102<br><br>Trial Date: TBD |

MUSICK, PEELER & GARRETT LLP

3507375.1                                           1                                   Case No. 3:23-cv-06259-VC
DECLARATION OF MARIANNE COSSALTER IN SUPPORT OF OHIO AND AMERICAN FIRE'S MOTION FOR PARTIAL SUMMARY JUDGMENT

## DECLARATION OF MARIANNE COSSALTER

I, Marianne Cossalter, declare as follows:

1. I am over the age of 18 years, and am not a party to this action. I have been employed by Safeco / Liberty Mutual Insurance Company since October, 1996. I have been a Senior Claims Resolution Specialist since 2019. Liberty Mutual Insurance Company manages claims under certain business lines policies issued by Ohio Security Insurance Company ("Ohio Security") and American Fire and Casualty Company ("American Fire"). In such capacity, I am authorized to make this declaration on behalf of Ohio Security and American Fire. My job duties include adjusting claims relating to business owners policies such as the ones issued by Ohio Security and American Fire to Carson Madrona Company, LLC ("Carson Madrona"). I make this declaration based on my personal knowledge and beliefs, and in reliance on Ohio Security and American Fire's and Safeco/Liberty Mutual Insurance Company's regular practices and procedures. If called as a witness, I could and would competently testify to the matters stated herein. I make this declaration in support of Ohio Security and American Fire's Motion for Partial Summary Judgment.

2. As a Senior Claims Resolution Specialist, I was involved in adjusting the claim relating to *Gary Mountain, et al. v. David Perez, et al.*, Alameda County Superior Court Case No. RG17857926 ("Underlying Lawsuit"). The original records in relation with the request for coverage for the Underlying Lawsuit. Mr. Mountain filed the Underlying Lawsuit on April 24, 2017. Mr. Mountain's claims were settled and are not part of this coverage action. The Underlying Lawsuit was assigned Claim No. 23219389, from which the identified exhibits, with the prefix "Ohio Security – American Fire," attached to the Joint Index and Compendium of Evidence in support of Ohio Security and American Fire's Motion for Partial Summary Judgment ("Joint Index"), were made, were prepared by or received by Liberty Mutual personnel in the ordinary course of their duties at or near the times of the acts, conditions or events recorded in those records. These exhibits referenced in this declaration are taken from Claim No. 23219389 and contain Bates stamped nos. with the prefix "Ohio Security-American Fire". It is my understanding that these Bates stamped documents were produced to all the parties in this action by Ohio Security and American Fire's counsel in this lawsuit. These records were prepared from computer stored data, from photocopies

1  of the original paper records sent or received from electronic duplication of information taken and downloaded into our system file. These records are generated and maintained by Ohio Security and American Fire in the ordinary course of business.

3.  In this declaration, I also reference documents Bates stamped with prefix "Hartford" or "Ace" and attached as exhibits to the Joint Index. I have personally reviewed the documents Bates stamped with prefix "Hartford" or "Ace" in connection with the Underlying Lawsuit. As reflected in the Declaration of Danica Lam, the documents with prefix "Hartford" or "Ace" were produced by plaintiff and cross defendant Hartford Fire Insurance Company ("Hartford") and counter-defendant and third party defendant Ace Property and Casualty Insurance Company ("Ace"), respectively, during the course of this litigation.

4.  Coverage for the Underlying Lawsuit was requested under policy no. BLS (16) 56862638 which Ohio Security issued to Carson Madrona effective from August 31, 2015 to August 31, 2016 (the "Ohio Security Policy") as well as policy no. ESA 56862638 which American Fire issued to Carson Madrona effective from August 31, 2015 to August 31, 2016 (the "American Fire Policy"). Attached as **Exhibit 1** [ACE 000816 – 000823] to the Joint Index is a true and correct copy of the First Amended Cross-Complaint filed by David Perez and Donna Perez in the Underlying Lawsuit which was filed on May 9, 2018. Attached as **Exhibit 2** [Ohio Security-American Fire 00001 – 00065] to the Joint Index is a certified copy of the Ohio Security Policy. Attached as **Exhibit 3** [Ohio Security-American Fire 00066 – 00096] to the Joint Index is a certified copy of the American Fire Policy.

5.  Ohio Security tendered the Underlying Lawsuit to Ashley Furniture on or about August 29, 2016, May 12, 2017, and September 21, 2017 pursuant to a lease agreement dated January 17, 2012 between Carson Madrona and Warehouse and Delivery Solutions, Inc. dba Ashley Furniture ("WDS") ("Lease") of the property located at 6195 Coliseum Way, Oakland, California ("Warehouse"). As reflected in the attached assignment of rights, WDS's rights under the Lease was then subsequently assigned to Stoneledge Furniture, LLC dba Ashley Furniture Homestore ("Stoneledge") through an Asset Purchase Agreement. (WDS, Stoneledge, and Ashley Furniture Industries, Inc. are collectively referred to as "Ashley Furniture.") Attached as **Exhibit 4** [Hartford

MUSICK, PEELER & GARRETT LLP

3507375.1                                      3                           Case No. 3:23-cv-06259-VC
DECLARATION OF MARIANNE COSSALTER IN SUPPORT OF OHIO SECURITY AND AMERICAN FIRE'S MOTION FOR PARTIAL SUMMARY JUDGMENT

006274-006310] to the Joint Index is a true and correct copy of the Lease.  Attached as **Exhibit 5** [Hartford 006157-006161] to the Joint Index is a true and correct copy of the assignment pertaining to the Lease.  Attached as **Exhibit 6** [Ohio Security-American Fire 00167 – 00168] to the Joint Index is a true and correct copy of a correspondence dated September 21, 2017 from Liberty Mutual to counsel for Ashley Furniture.  Attached as **Exhibit 17** [Ohio Security-American 00171 – 00173] to the Joint Index is a true and correct copy of a correspondence dated May 12, 2017 from Liberty Mutual to Counsel for Ashley Furniture.

6. Hartford, Ashley Furniture's general liability insurer, accepted Carson Madrona's tender of the Underlying Lawsuit as an additional insured under the policy of insurance with policy no. 41 CSE S30502 effective from January 1, 2016 to January 1, 2017 which Hartford Fire Insurance Company ("Hartford") issued to Ashley Furniture (the "Hartford Policy").  Attached as **Exhibit 7** [Hartford 006162 – 006273] to the Joint Index is a true and correct copy of the Hartford Policy.  Attached as **Exhibit 18**  [Ohio Security-American 00185] is a true and correct copy of a Certificate of Insurance naming Carson Madrona as an additional insured under the Hartford Policy.  Ohio Security received copies of the Hartford Policy and the Certificate of Insurance during the course of the Underlying Lawsuit.

7. Hartford accepted the tender of Carson Madrona based on the Hartford Policy's Lessors of Land provision which provides:  "Any person or organization from whom [Ashely Furniture] lease[s] land or premises, but only with respect to liability arising out of the ownership, maintenance or use of that part of the land or premises leased to [Ashley Furniture]" is an additional insured under the Hartford Policy. Attached as **Exhibit 8** [Ohio Security-American Fire 00106 – 00112] to the Joint Index is a true and correct copy of a reservation of rights letter dated March 20, 2020 from Hartford Fire Insurance Company to Carson Madrona with regard to the Underlying Lawsuit.

8. On September 20, 2022, Hartford confirmed that Carson Madrona is an additional insured under the Hartford Policy with regard to liability "out of the ownership, maintenance or use of that part of the land or premises leased to" Ashley.  Attached as **Exhibit 9** [Hartford 005044-005048] to the Joint Index is a true and correct copy of a reservation of rights letter dated September

20, 2022 from Hartford to Carson Madrona with regard to the Underlying Lawsuit.

9. On July 10, 2023, a verdict was returned in the Underlying Lawsuit. As reflected in the attached copy of the judgment and verdict, the jury verdict found that Carson Madrona was negligent and a substantial factor in causing harm to David Perez. Specifically, the Jury found that Carson Madrona was 50% responsible for the Perezes injuries and different entity, Sanoak, was responsible for the other 50%. The jury also found that Ashley Furniture was negligent but did not find that it was a substantial factor in causing harm to David Perez. Judgment was entered on August 7, 2023. The court also awarded costs and pre-judgment interest pursuant to a memorandum of cost filed by the Perezes. Attached as **Exhibit 10** [ACE 004920 – 4928] to the Joint Index is true and correct copy of the Judgment and Special Verdict Form.

10. On September 11, 2023, following the verdict and judgment in the Underlying Lawsuit, Hartford withdrew its defense of Carson Madrona and denied that it owed any defense or indemnity obligations. Hartford claimed that "it has no continuing defense obligation and no indemnity obligation to Carson in this matter and that it is incumbent upon Ohio Security to step in to protect its named insured." Attached as **Exhibit 11** [Ohio Security-American Fire 00219 – 00222] to the Joint Index is a true and correct copy of a correspondence from Hartford's counsel to Ohio Security and American Fire's counsel dated September 11, 2023 in which Hartford withdrew its defense of Carson Madrona in the Underlying Lawsuit.

11. The Underlying Lawsuit was also tendered to Ace under the Commercial Umbrella Liability Policy with Policy number G27937500 001 effective from January 1, 2016 to January 1, 2017 which Ace issued to Ashley Furniture (the "Ace Policy"). Ohio Security received a copy of the Ace Policy during the course of the Underlying Lawsuit. Attached as **Exhibit 12** [ACE 004949-005025] is a true and correct copy of the Ace Policy.

12. After judgment was entered in the Underlying Lawsuit, both Ohio Security and Carson Madrona requested that Ace contribute to fund Carson Madrona's appeal bond. Ace did not so.

13. Carson Madrona filed an appeal in the Underlying Lawsuit. Attached as **Exhibit 13** to the Joint Index is a true and correct copy of the Notice of Appeal. The appeal was filed with the

1st Appellate District of California bearing Court of Appeal Case Number A169103 ("Appeal").

14. In light of Hartford's position set forth to Ohio Security, and Ace's inactions, Ohio Security funded the prosecution of Carson Madrona's Appeal in the Underlying Action under the Ohio Security Policy. Ohio Security retained the law firm of Greines, Martin, Stein & Richland LLP (GMSR) in connection with the Appeal for the Underlying Action. In total, Ohio Security incurred $352,686.77 in attorney's fees in connection with the Appeal.

15. Ohio Security and American Fire partially bonded the Appeal on behalf of Carson Madrona under the Ohio Security Policy and the American Fire Policy.

16. On August 13, 2024, Ohio Security and American Fire offered to pay their combined policy limits. On September 30, 2024, Carson Madrona reached a settlement with the Perezes in the Underlying Lawsuit (the "Settlement"). Carson Madrona together with Ohio Security and American Fire funded the Settlement without any contribution from Hartford or Ace. This Settlement includes payment of $1,100,000 in post-judgment interest incurred from the date of the judgment to August 13, 2024 when Ohio Security and American Fire offered to pay their combined policy limits.

17. Ohio Security's contribution in funding the Settlement included payment of costs awarded to the Perezes in the amount of $238,582. Attached as **Exhibit 15** to the Joint Index is a true and correct copy of the Perezes' Memorandum of Costs in the Underlying Lawsuit. Attached as **Exhibit 16** to the Joint Exhibit is a true and correct copy of the superior court's order denying Carson Madrona's motion to tax the Perezes' costs.

I declare under penalty of perjury under the laws of the United States of America and of the State of California that the foregoing is true and correct.

Executed on this 31st day of December, 2024, at Rye, Colorado.

Marianne Cossalter