JOINT INDEX 00001

# EXHIBIT 1

CROSS-COMPLAINT (AMENDED) - David Luis Perez and Donna Perez.PDF

Susie Injijian, Esq. (SBN 128311)
INJIJIAN LAW OFFICE, APC
775 San Diego Road
Berkeley, CA 94707
Telephone: (510) 898-1478
Fax: (510) 898-1107
Email: sinjijian@comcast.net

Attorneys for Defendant/Cross-complainant,
DAVID LUIS PEREZ and Cross-complainant
DONNA PEREZ

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ALAMEDA

| | |
|---|---|
| GARY MOUNTAIN and SUSAN MOUNTAIN,<br><br>Plaintiffs,<br><br>vs.<br><br>DP ELECTRIC, et al.,<br><br>Defendants.<br><br>DAVID LUIS PEREZ and DONNA PEREZ,<br><br>Cross-Complainants,<br><br>vs.<br><br>CARSON MADRONA COMPANY, LLC; DIANE PREGERSON GLAZER, as TRUSTEE OF THE DIANE PREGERSON GLAZER SURVIVOR'S | CASE NO.: RG 17857926<br><br>ASSIGNED FOR ALL PURPOSES TO JUDGE ROBERT MCGUINNESS DEPARTMENT 22<br><br>FIRST AMENDED CROSS-COMPLAINT FOR PERSONAL INJURIES, LOSS OF CONSORTIUM, INDEMNIFICATION, APPORTIONMENT OF FAULT, AND DECLARATORY RELIEF<br><br>JURY TRIAL DEMANDED |

- 1 -

CASE NO.: RG 17857926
FIRST AMENDED CROSS-COMPLAINT FOR PERSONAL INJURIES, LOSS OF CONSORTIUM, INDEMNIFICATION, APPORTIONMENT OF FAULT, AND DECLARATORY RELIEF

ACE000816

CROSS-COMPLAINT (AMENDED) - David Luis Perez and Donna Perez.PDF

1  TRUST; DIANE PREGERSON
2  GLAZER, as TRUSTEE OF THE DIANE
   PREGERSON GLAZER SURVIVOR'S
3  TRUST dba SANOAK MANAGEMENT
   COMPANY; JAMES L. KRASNE, as
4  TRUSTEE OF THE GUILFORD
   GLAZER TRUST OF 1984; JAMES L.
5  KRASNE, as TRUSTEE OF THE
6  GUILFORD GLAZER TRUST OF 1984
   dba SANOAK MANAGEMENT
7  COMPANY; JEREMY BLANCHARD;
   STONELEDGE FURNITURE, LLC;
8  WAREHOUSE AND DELIVERY
9  SOLUTIONS, INC. dba ASHLEY
   FURNITURE, ASHLEY FURNITURE
10 INDUSTRIES, INC.; and DOES 51
11 through 100, inclusive,

12              Cross-Defendants.

13

14      Cross-complainants DAVID LUIS PEREZ and DONNA PEREZ, pursuant to

15 California Code of Civil Procedure §§ 428.10-428.80, allege against cross-defendants
16
17 CARSON MADRONA COMPANY, LLC; DIANE PREGERSON GLAZER, as

18 TRUSTEE OF THE DIANE PREGERSON GLAZER SURVIVOR'S TRUST; DIANE

19 PREGERSON GLAZER, as TRUSTEE OF THE DIANE PREGERSON GLAZER

20 SURVIVOR'S TRUST dba SANOAK MANAGEMENT COMPANY; JAMES L.

21 KRASNE, as TRUSTEE OF THE GUILFORD GLAZER TRUST OF 1984; JAMES
22
23 L. KRASNE, as TRUSTEE OF THE GUILFORD GLAZER TRUST OF 1984 dba

24 SANOAK MANAGEMENT COMPANY; JEREMY BLANCHARD; STONELEDGE

25 FURNITURE, LLC; WAREHOUSE AND DELIVERY SOLUTIONS, INC. dba

26                              - 2 -

27 CASE NO.: RG 17857926
   FIRST AMENDED CROSS-COMPLAINT FOR PERSONAL INJURIES, LOSS OF CONSORTIUM,
   INDEMNIFICATION, APPORTIONMENT OF FAULT, AND DECLARATORY RELIEF

ACE000817

1  ASHLEY FURNITURE, ASHLEY FURNITURE INDUSTRIES, INC.; and DOES 51

2  through 100, inclusive, as follows:

3  ### GENERAL ALLEGATIONS

4

5  1.    The true names and capacities of the cross-defendants, DOES 51-100,

6  inclusive, whether individual, corporate, associate, or otherwise, are not known to

7  cross-complainants, who therefore sue said cross-defendants by such fictitious

8  names.  Cross-complainants will seek to amend this Cross-complaint to state their

9  true names and capacities when they are ascertained.  Cross-complainants are

10  informed and believe and thereon allege that each of the cross-defendants

11  designated herein as DOE is legally responsible in some form or manner for the

12  events and happenings herein described, and legally and proximately caused the

13  injuries and damages to cross-complainants as herein alleged.

14

15  2.    Cross-complainants are informed and believe that, at all times

16  relevant herein, each cross-defendant was acting as the agent, servant, employee,

17  alter ego or joint venturer of the remaining cross-defendants, and, in doing the

18  things hereinafter mentioned, each cross-defendant was acting within the scope of

19  his employment and authority as such agent, servant, employee, alter ego or joint

20  venturer with the consent of his co-cross-defendants.

21

22  3.    Cross-Complainants DAVID LUIS PEREZ and DONNA PEREZ are,

23  and were at all times mentioned herein, husband and wife and citizens and

24  residents of Alameda County, State of California.  At all relevant times, cross-

25  - 3 -

26  CASE NO.: RG 17857926
   FIRST AMENDED CROSS-COMPLAINT FOR PERSONAL INJURIES, LOSS OF CONSORTIUM,
   INDEMNIFICATION, APPORTIONMENT OF FAULT, AND DECLARATORY RELIEF

ACE000818

complainant DAVID LUIS PEREZ is and was an electrical contractor duly licensed in California and performing services authorized thereby in Alameda County under the business name DP Electric.

4.      At all times herein mentioned, cross-defendant CARSON MADRONA, LLC, was and is a business entity organized and existing under the laws of the State of California with its principal place of business in Beverly Hills, Los Angeles County, California, and was authorized to do business and doing business in Alameda County, California. This cross-defendant appeared in the principal action herein as "CARSON MADRONA COMPANY, LLC (erroneously served and sued as Guilford Glazer Trust of 1984 dba San Oak Management Company and the Guilford Glazer Trust of 1984)." This cross-defendant and any and all predecessors and successors in interest and assigns, are collectively referred to herein as "CARSON MADRONA."

5.      Cross-defendant DIANE PREGERSON GLAZER is sued herein as TRUSTEE OF THE DIANE PREGERSON GLAZER SURVIVOR'S TRUST, a business entity organized and existing under the laws of the State of California with its principal place of business in Los Angeles County, California and authorized to do business and doing business in Alameda County, California. This cross-defendant appeared in the principal action herein as "THE DIANE PREGERSON GLAZER SURVIVOR'S TRUST (erroneously served and sued as THE DIANE PREGERSON GLAZER TRUST (originally served and sued as DOE

- 4 -

CASE NO.: RG 17857926
FIRST AMENDED CROSS-COMPLAINT FOR PERSONAL INJURIES, LOSS OF CONSORTIUM, INDEMNIFICATION, APPORTIONMENT OF FAULT, AND DECLARATORY RELIEF

ACE000819

CROSS-COMPLAINT (AMENDED) - David Luis Perez and Donna Perez.PDF

1    27)." Cross-defendant DIANE PREGERSON GLAZER is also sued herein as

2    TRUSTEE OF THE DIANE PREGERSON GLAZER SURVIVOR'S TRUST dba

3    SANOAK MANAGEMENT COMPANY, a business entity organized and existing

4

5    under the laws of the State of California with its principal place of business in Los

6    Angeles County, California and authorized to do business and doing business in

7    Alameda County, California.

8          6.     Cross-defendant JAMES L. KRASNE is sued herein as TRUSTEE OF

9
10   THE GUILFORD GLAZER TRUST OF 1984, a business entity organized and

11   existing under the laws of the State of California with its principal place of business

12   in Los Angeles County, California and authorized to do business and doing business

13   in Alameda County, California. Cross-defendant JAMES L. KRASNE is also sued

14   herein as TRUSTEE OF THE GUILFORD GLAZER TRUST OF 1984 dba SANOAK

15   MANAGEMENT COMPANY a business entity organized and existing under the

16
17   laws of the State of California with its principal place of business in Los Angeles

18   County, California and authorized to do business and doing business in Alameda

19   County, California. Cross-defendant DIANE PREGERSON GLAZER as TRUSTEE

20   OF THE DIANE PREGERSON GLAZER SURVIVOR'S TRUST dba SANOAK

21   MANAGEMENT COMPANY and cross-defendant JAMES L. KRASNE as

22
23   TRUSTEE OF THE GUILFORD GLAZER TRUST OF 1984 dba SANOAK

24   MANAGEMENT COMPANY, and any and all successors and predecessors in

25

26                        - 5 -

27   

ACE000820

1   interest and assigns, are collectively referred to herein as SANOAK

2   MANAGEMENT.

3
4       7.    Cross-complainants allege on information and belief that cross-

5   defendant JEREMY BLANCHARD is and was at all times herein mentioned an

6   individual and a citizen and resident of San Mateo County, State of California, and

7   managing agent and employee of cross-defendants SANOAK MANAGEMENT

8   and/or CARSON MADRONA.  This cross-defendant appeared in the principal action

9   herein as "JEREMY BLANCHARD (originally served and sued as DOE 31)."

10
11       8.    At all times herein mentioned, cross-defendant WAREHOUSE AND

12   DELIVERY SOLUTIONS, INC. dba ASHLEY FURNITURE was a business entity

13   organized and existing under the laws of the State of California with its principal

14   place of business in Vista, San Diego County, California.  Cross-defendant ASHLEY

15   FURNITURE INDUSTRIES, INC. was and is a business entity organized and

16
17   existing under the laws of the State of Wisconsin with its principal place of business

18   in Arcadia, Trempealeau County, Wisconsin.  Cross-defendant ASHLEY

19   FURNITURE INDUSTRIES, INC. appeared in the principal action herein as

20   "ASHLEY FURNITURE INDUSTRIES, INC. (erroneously served and sued as

21   "Ashley, Furniture Inc").  Cross-complainants allege on information and belief that

22
23   these defendants were at all times herein authorized to do business and were doing

24   business in Alameda County, State of California.  Cross-defendants WAREHOUSE

25   AND DELIVERY SOLUTIONS, INC. dba ASHLEY FURNITURE, and cross-

26       - 6 -

27   CASE NO.: RG 17857926
FIRST AMENDED CROSS-COMPLAINT FOR PERSONAL INJURIES, LOSS OF CONSORTIUM,
INDEMNIFICATION, APPORTIONMENT OF FAULT, AND DECLARATORY RELIEF

ACE000821

CROSS-COMPLAINT (AMENDED) - David Luis Perez and Donna Perez.PDF

1    defendant ASHLEY FURNITURE INDUSTRIES, INC., and any and all

2    predecessors and successors in interest and assigns, are collectively referred to

3    herein as "ASHLEY FURNITURE."

4

5        9.    At all times herein mentioned, cross-defendant STONELEDGE

6    FURNITUTRE, LLC was and is a business entity organized and existing under the

7    laws of the State of Wisconsin with its principal place of business in Arcadia,

8    Trempealeau County, Wisconsin, and was authorized to do business and doing

9    business in Alameda County, State of California.  This cross-defendant has

10   appeared in the principal action herein.  This cross-defendant, and any and all

11   predecessors and successors in interest and assigns, are collectively referred to

12

13   herein as "STONELEDGE FURNITURE."

14       10.   Venue is proper in Alameda County because the incident that gave rise

15   to the action by and against the cross-complainants occurred in that county.

16

17       11.   Cross-complainants are informed and believe and thereon allege that

18   at all times herein mentioned, certain of the cross-defendant DOES are the

19   successors in interest of one or more of the remaining cross-defendants and, on that

20   basis, are liable for any act or omission of said cross-defendants alleged in this

21   Cross-complaint.

22

23       12.   The events described herein occurred on or about May 17, 2016, at

24   certain premises being operated as a warehouse located at 6195 Coliseum Way in

25   Oakland, California ("the Premises").

26                                          - 7 -

27   CASE NO.: RG 17857926
     FIRST AMENDED CROSS-COMPLAINT FOR PERSONAL INJURIES, LOSS OF CONSORTIUM,
     INDEMNIFICATION, APPORTIONMENT OF FAULT, AND DECLARATORY RELIEF

ACE000822

CROSS-COMPLAINT (AMENDED) - David Luis Perez and Donna Perez.PDF

13.   Cross-complainants are informed and believe and thereon allege that, at the time of the incident, cross-defendant CARSON MADRONA was the owner of the Premises, cross-defendants CARSON MADRONA and/or SANOAK MANAGEMENT and JEREMY BLANCHARD occupied a portion of the premises for the purpose of serving as the on-site property manager, and cross-defendants WAREHOUSE AND DELIVERY SOLUTIONS, INC. dba ASHLEY FURNITURE and/or ASHLEY FURNITURE INDUSTRIES, INC. and/or STONELEDGE FURNITURE, LLC were a tenant occupying a portion of the premises pursuant to a written lease agreement.

14.   Cross-complainants allege on information and belief that the written lease dated January 17, 2012 was initially between cross-defendant CARSON MADRONA as lessor and cross-defendant WAREHOUSE AND DELIVERY SOLUTIONS, INC. dba ASHLEY FURNITURE as lessee, and that by written assignment and assumption of lease dated April 5, 2016, cross-defendant WAREHOUSE AND DELIVERY SOLUTIONS, INC. dba ASHLEY FURNITURE, assigned its interest in said lease to cross-defendant STONELEDGE FURTNITURE, LLC.

15.   On the day of the incident that gives rise to this Cross-complaint, cross-complainant DAVID LUIS PEREZ received a telephone call from an individual calling on behalf of cross-defendant ASHLEY FURNITURE and/or the other cross-defendants occupying a portion of the Premises, requesting a service call

- 8 -

CASE NO.: RG 17857926
FIRST AMENDED CROSS-COMPLAINT FOR PERSONAL INJURIES, LOSS OF CONSORTIUM, INDEMNIFICATION, APPORTIONMENT OF FAULT, AND DECLARATORY RELIEF

ACE000823

CROSS-COMPLAINT (AMENDED) - David Luis Perez and Donna Perez.PDF

1   to repair certain problems with electrical lighting at the Premises. DAVID LUIS

2   PEREZ arrived at the subject Premises shortly thereafter that same day to perform

3   the requested repairs.

4

5       16.    Cross-complainants are informed and believe and thereon allege that,

6   unbeknownst to DAVID LUIS PEREZ, and not readily discoverable by him, the

7   subject Premises and the electrical installations and equipment thereon were in a

8   dangerous, unworkmanlike condition in that, among other things, they were not in

9   compliance with state laws and local ordinances, were improperly installed an

10  constructed, were improperly situated and labeled or not labeled at all, were in

11  disrepair and so negligently and carelessly owned, controlled, maintained and, that

12

13  while cross-complainant DAVID LUIS PEREZ worked to replace a fuse in a careful

14  manner, having taken all usual and necessary precautions, the electrical

15  installation on which he was working exploded, causing an arc flash, severely

16  burning him and causing injuries and damages alleged herein.

17

18                          **FIRST CAUSE OF ACTION**

19      **(By DAVID LUIS PEREZ for NEGLIGENCE - Premises Liability)**

20      17.    Cross-complainants incorporate by reference each of the Paragraphs 1

21  through 16 as though fully set forth herein.

22

23      18.    At all times mentioned herein, cross-defendants, and each of them,

24  designed, constructed, approved, owned, controlled, possessed, modified, managed,

25  and/or maintained the Premises and the surrounding area.

26                                    - 9 -

27  CASE NO.: RG 17857926
    FIRST AMENDED CROSS-COMPLAINT FOR PERSONAL INJURIES, LOSS OF CONSORTIUM,
    INDEMNIFICATION, APPORTIONMENT OF FAULT, AND DECLARATORY RELIEF

ACE000824

CROSS-COMPLAINT (AMENDED) - David Luis Perez and Donna Perez.PDF

1    19.    Cross-defendants, and each of them, had a duty to control and

2    maintain said Premises in a reasonably safe condition.

3    20.    Cross-defendants, and each of them, breached this duty by negligently

4

5    designing, constructing, approving, owning, controlling, possessing, creating,

6    modifying, managing, and/or maintaining the electrical distribution system and

7    equipment in an unworkmanlike manner, such that unreasonable hazards existed

8    on the Premises.  Cross-defendants, and each of them, (1) knew or should have

9    known of the electrical distribution system in the Premises to be prone to

10

11   unexpected arcing even when normal precautions are taken, and the extraordinary

12   and hidden dangers it presented for causing electrical injury and (2) failed to take

13   adequate measures to correct, warn of, or identify the hazards that existed and that

14   they created.

15   21.    The negligence and other wrongful conduct of said cross-defendants, as

16

17   herein described, was a legal cause of, and a substantial contributing factor in, the

18   injuries and damages to DAVID LUIS PEREZ as alleged herein.

19   22.    By reason of the premises, plaintiff DAVID LUIS PEREZ has suffered

20   general damages, continues to suffer same, and alleges upon information and belief

21   that he will suffer such damages in the future, including but not limited to:

22

23   permanent physical injuries, including second and third degree burns, requiring

24   emergency care, hospitalizations, surgeries and other medical interventions and

25   therapies, pain, suffering, disability, disfigurement, scarring, psychological and

26                                         - 10 -

27   CASE NO.: RG 17857926
     FIRST AMENDED CROSS-COMPLAINT FOR PERSONAL INJURIES, LOSS OF CONSORTIUM,
     INDEMNIFICATION, APPORTIONMENT OF FAULT, AND DECLARATORY RELIEF

ACE000825

CROSS-COMPLAINT (AMENDED) - David Luis Perez and Donna Perez.PDF

1   emotional distress, shock, fear, humiliation, anguish, inconvenience, and the like,

2   all in an amount to be proven at trial.

3       23.     By further reason of the premises, DAVID LUIS PEREZ has suffered

4   special damages, continues to suffer same, and alleges upon information and belief

5

6   that he will suffer such damages in the future, including but not limited to: medical

7   and related economic expenses, loss of income and diminished earning capacity, loss

8   of the ability to provide household services, and other special damages, all in an

9   amount to be proven at trial.

10

11                          **SECOND CAUSE OF ACTION**

12           **(by DAVID LUIS PEREZ for NEGLIGENCE – Negligence Per Se)**

13      24.     Cross-complainants incorporate by reference each of the Paragraphs 1

14   through 23 as though fully set forth herein.

15      25.     Cross-complainants allege on information and belief that, at all times

16

17   herein mentioned, cross-defendants, and each of them, violated statutes and

18   ordinances in the course of installing, inspecting, repairing, modifying and

19   maintaining and failing properly to maintain the electrical power distribution

20   system and equipment at the Premises.

21      26.     These statutes and ordinances were designed to protect against the

22

23   very injuries and damages that cross-complainant DAVID LUIS PEREZ suffered at

24   the Premises on May 17, 2016.

25

26                                    - 11 -

27   CASE NO.: RG 17857926
     FIRST AMENDED CROSS-COMPLAINT FOR PERSONAL INJURIES, LOSS OF CONSORTIUM,
     INDEMNIFICATION, APPORTIONMENT OF FAULT, AND DECLARATORY RELIEF

ACE000826

27.    As a direct and legal result of the breach of said duties of cross-
defendants, and each of them, to comply with these statutes and ordinances, cross-
complainant DAVID LUIS PEREZ was exposed to unreasonable hazards, and the
negligence and other wrongful conduct of said cross-defendants, as herein described,
was a legal cause of, and a substantial contributing factor in, the injuries and
damages to DAVID LUIS PEREZ as alleged herein.

28.    By reason of the premises, plaintiff DAVID LUIS PEREZ has suffered
general damages, continues to suffer same, and alleges upon information and belief
that he will suffer such damages in the future, including but not limited to:
permanent physical injuries, including second and third degree burns, requiring
emergency care, hospitalizations, surgeries and other medical interventions and
therapies, pain, suffering, disability, disfigurement, scarring, psychological and
emotional distress, shock, fear, humiliation, anguish, inconvenience, and the like,
all in an amount to be proven at trial.

29.    By further reason of the premises, DAVID LUIS PEREZ has suffered
special damages, continues to suffer same, and alleges upon information and belief
that he will suffer such damages in the future, including but not limited to: medical
and related economic expenses, loss of income and diminished earning capacity, loss
of the ability to provide household services, and other special damages, all in an
amount to be proven at trial.

///

- 12 -

CASE NO.: RG 17857926
FIRST AMENDED CROSS-COMPLAINT FOR PERSONAL INJURIES, LOSS OF CONSORTIUM,
INDEMNIFICATION, APPORTIONMENT OF FAULT, AND DECLARATORY RELIEF

ACE000827

## THIRD CAUSE OF ACTION

## (by DAVID LUIS PEREZ for NEGLIGENCE – Negligent Hiring and Retention)

30.     Cross-complainants incorporate by reference each of the Paragraphs 1 through 29 as though fully set forth herein.

31.     Prior to May 17, 2016, cross-defendants, and each of them, had the authority to hire, retain and entrust employees, agents, independent contractors, and others to install, construct, inspect, repair, modify, and maintain the electrical power distribution system and equipment at the Premises, as well to suspend and terminate employees, agents, contractors and others to whom said cross-defendants had entrusted such work, and who were found after hiring to be incompetent or unfit for that purpose.

32.     At all times herein mentioned, cross-defendants, and each of them, knew or reasonably should have known that the employees, agents, independent contractors, and others they hired to perform such services at the Premises were incompetent or unfit, and likely to harm other persons or property in the performance of work entrusted to them, and/or failed to exercise reasonable care to discover whether said employees and others were unfit or incompetent to perform said work.

33.     Cross-complainants allege on information and belief that cross-defendants, and each of them, nevertheless hired employees, agents, independent

- 13 -

CASE NO.: RG 17857926
FIRST AMENDED CROSS-COMPLAINT FOR PERSONAL INJURIES, LOSS OF CONSORTIUM, INDEMNIFICATION, APPORTIONMENT OF FAULT, AND DECLARATORY RELIEF

ACE000828

1  contractors, and others to perform such services at the Premises who were

2  incompetent or unfit and likely to harm other persons or property in the

3  performance of work entrusted to them, and/or failed to exercise the authority they

4  had to suspend and terminate such agents and employees who were incompetent or

5

6  unfit after they had discovered, or reasonably should have discovered, that said

7  agents and employees were incompetent or unfit and likely to harm other persons or

8  property performing the work entrusted to them.

9

10       34.    Because of their incompetence or unfitness, said agents and employees

11  of cross-defendants, and each of them, while performing the work or activity of their

12  employment and/or utilizing the instrumentalities entrusted to them, caused cross-

13  complainant DAVID LUIS PEREZ to suffer injuries and damages herein alleged.

14       35.    By reason of the premises, plaintiff DAVID LUIS PEREZ has suffered

15  general damages, continues to suffer same, and alleges upon information and belief

16

17  that he will suffer such damages in the future, including but not limited to:

18  permanent physical injuries, including second and third degree burns, requiring

19  emergency care, hospitalizations, surgeries and other medical interventions and

20  therapies, pain, suffering, disability, disfigurement, scarring, psychological and

21  emotional distress, shock, fear, humiliation, anguish, inconvenience, and the like,

22

23  all in an amount to be proven at trial.

24       36.    By further reason of the premises, DAVID LUIS PEREZ has suffered

25  special damages, continues to suffer same, and alleges upon information and belief

26                                         - 14 -

27  CASE NO.: RG 17857926
    FIRST AMENDED CROSS-COMPLAINT FOR PERSONAL INJURIES, LOSS OF CONSORTIUM,
    INDEMNIFICATION, APPORTIONMENT OF FAULT, AND DECLARATORY RELIEF

ACE000829

1   that he will suffer such damages in the future, including but not limited to: medical

2   and related economic expenses, loss of income and diminished earning capacity, loss

3   of the ability to provide household services, and other special damages, all in an

4   amount to be proven at trial.

5

6                          **FOURTH CAUSE OF ACTION**

7           **(by DAVID LUIS PEREZ for NEGLIGENCE – General Negligence)**

8           37.     Cross-complainants incorporate by reference each of the Paragraphs 1

9   through 36 as though fully set forth herein.

10

11          38.     At the time of the incident, cross-defendants, and each of them, owed a

12  duty to cross-complainant DAVID LUIS PEREZ to not unreasonably increase the

13  risk of harm at the Premises, and a further duty to provide adequate warning of any

14  hazardous conditions on the subject Premises of which they had actual and/or

15  constructive notice.

16

17          39.     Cross-defendants, and each of them, breached their duty in that said

18  cross-defendants, among other things, designed, constructed, approved, owned,

19  controlled, created, possessed, modified, managed, maintained, repaired and/or

20  failed to repair, and inspected and/or failed to inspect the electrical power

21  distribution system and equipment at the Premises, such that, on or about May 17,

22  2016, the equipment on which cross-complainant DAVID LUIS PEREZ was working

23  exploded and severely injured him.

24

25

26                                   - 15 -

27  CASE NO.: RG 17857926
    FIRST AMENDED CROSS-COMPLAINT FOR PERSONAL INJURIES, LOSS OF CONSORTIUM,
    INDEMNIFICATION, APPORTIONMENT OF FAULT, AND DECLARATORY RELIEF

ACE000830

40. Cross-defendants, and each of them, had actual or constructive notice of these hazards and a reasonable opportunity to correct them.

41. By reason of the premises, plaintiff DAVID LUIS PEREZ has suffered general damages, continues to suffer same, and alleges upon information and belief that he will suffer such damages in the future, including but not limited to: permanent physical injuries, including second and third degree burns, requiring emergency care, hospitalizations, surgeries and other medical interventions and therapies, pain, suffering, disability, disfigurement, scarring, psychological and emotional distress, shock, fear, humiliation, anguish, inconvenience, and the like, all in an amount to be proven at trial.

42. By further reason of the premises, DAVID LUIS PEREZ has suffered special damages, continues to suffer same, and alleges upon information and belief that he will suffer such damages in the future, including but not limited to: medical and related economic expenses, loss of income and diminished earning capacity, loss of the ability to provide household services, and other special damages, all in an amount to be proven at trial.

## FIFTH CAUSE OF ACTION

### (by DONNA PEREZ for Loss of Consortium)

43. Cross-complainants incorporate by reference each of the Paragraphs 1 through 42 as though fully set forth herein.

- 16 -

CASE NO.: RG 17857926
FIRST AMENDED CROSS-COMPLAINT FOR PERSONAL INJURIES, LOSS OF CONSORTIUM, INDEMNIFICATION, APPORTIONMENT OF FAULT, AND DECLARATORY RELIEF

ACE000831

CROSS-COMPLAINT (AMENDED) - David Luis Perez and Donna Perez.PDF

1    44.    Because of the harm they caused to cross-complainant DAVID LUIS

2  PEREZ as set forth above, cross-defendants, and each of them, are liable in tort for

3  the injury to cross-complainant DONNA PEREZ who suffered a loss of consortium

4  
5  as a result of the injuries to her spouse, cross-complainant DAVID LUIS PEREZ.

6    45.    Cross-complainant DONNA PEREZ was married to cross-complainant

7  DAVID LUIS PEREZ was married prior to May 17, 2016.  At all times mentioned

8  herein they were, and still are, husband and wife.

9  
10   46.    As a direct, proximate and legal result of the negligence of the cross-

11 defendants, and each of them, and the physical injuries that resulted proximately

12 and legally therefrom, Cross-complainant DONNA PEREZ has suffered a loss of

13 consortium which included and includes the mental anguish of watching her

14 husband suffer from his injuries, ongoing disabilities, and emotional distress, and

15 she has further been caused to and has rendered care, assistance and services for

16 
17 the attendance of her spouse, cross-complainant DAVID LUIS PEREZ.

18   47.    Prior to suffering electrical burns and related injuries on May 17, 2016,

19 cross-complainant DAVID LUIS PEREZ was able to and did perform his duties as a

20 husband.  Subsequent to the injuries he sustained on that date as herein alleged,

21 and as a proximate result thereof, DAVID LUIS PEREZ has been prevented by his

22 
23 injuries from performing his duties as a husband to cross-complainant DONNA

24 PEREZ.

25  
26                                          - 17 -

27 CASE NO.: RG 17857926
   FIRST AMENDED CROSS-COMPLAINT FOR PERSONAL INJURIES, LOSS OF CONSORTIUM,
   INDEMNIFICATION, APPORTIONMENT OF FAULT, AND DECLARATORY RELIEF

ACE000832

48.     As a further, direct and proximate result of the negligence of the cross-defendants, cross-complainant DONNA PEREZ has been deprived of the love, society and companionship of her husband, DAVID LUIS PEREZ, by reason of his injuries and continuing disabilities as alleged herein, and will continue to suffer the same into the future, all to her general damage in an amount in excess of the jurisdictional minimum of this Court.

## SIXTH CAUSE OF ACTION

### (by DAVID LUIS PEREZ for INDEMNIFICATION)

49.     Cross-complainants incorporate by reference each of the Paragraphs 1 through 48 as though fully set forth herein.

50.     The principal action, *Gary Mountain, et al. v. DP Electric, et al.*, alleges that the plaintiff Gary Mountain was injured on or about May 17, 2016 in the same incident described in this cross-complaint as having injured cross-complainant DAVID LUIS PEREZ.  The plaintiffs allege, among other things, that plaintiffs are entitled to compensatory damages against cross-complainant DAVID LUIS PEREZ individually and doing business as DP Electric.  Cross-complainant DAVID LUIS PEREZ contends that he is not liable for the events and occurrences described in plaintiffs' complaint.

51.     If cross-complainant DAVID LUIS PEREZ is found in some manner responsible to plaintiffs or to anyone else as a result of the incidents and occurrences described in plaintiffs' complaint, his liability would be based solely

- 18 -

CASE NO.: RG 17857926
FIRST AMENDED CROSS-COMPLAINT FOR PERSONAL INJURIES, LOSS OF CONSORTIUM, INDEMNIFICATION, APPORTIONMENT OF FAULT, AND DECLARATORY RELIEF

ACE000833

1    upon a derivative form of liability not resulting from his own conduct but only from

2    an obligation imposed upon cross-complainant DAVID LUIS PEREZ by law;

3    therefore, he would be entitled to complete indemnity from each cross-defendant.

4
5                              **SEVENTH CAUSE OF ACTION**

6              **(by DAVID LUIS PEREZ for APPORTIONMENT OF FAULT)**

7        52.    Cross-complainants incorporate by reference each of the Paragraphs 1

8    through 51 as though fully set forth herein.

9
10       53.    Each cross-defendant was responsible, in whole or in part, for the

11   injuries if any, suffered by plaintiffs as alleged in the principal action.  Cross-

12   complainant DAVID LUIS PEREZ contends that he is not liable for the events and

13   occurrences described in plaintiffs' complaint.

14       54.    If cross-complainant DAVID LUIS PEREZ is somehow judged to be

15   liable to plaintiffs, each cross-defendant should be required: (1) to pay a share of
16
17   plaintiffs' judgment which is in proportion to the comparative negligence of that

18   cross-defendant in causing plaintiff's damages; and (2) to reimburse cross-

19   complainant DAVID LUIS PEREZ for any payments he makes in excess of his

20   proportional share, if any, of all cross-defendants' negligence.

21                              **EIGHTH CAUSE OF ACTION**
22
23              **(by DAVID LUIS PEREZ for DECLARATORY RELIEF)**

24       55.    Cross-complainants incorporate by reference each of the Paragraphs 1

25   through 54 as though fully set forth herein.

26                                      - 19 -

27   CASE NO.: RG 17857926
     FIRST AMENDED CROSS-COMPLAINT FOR PERSONAL INJURIES, LOSS OF CONSORTIUM,
     INDEMNIFICATION, APPORTIONMENT OF FAULT, AND DECLARATORY RELIEF

ACE000834

CROSS-COMPLAINT (AMENDED) - David Luis Perez and Donna Perez.PDF

56.     An actual controversy exists between the parties concerning their respective rights and duties because cross-complainant DAVID LUIS PEREZ contends and cross-defendants dispute that cross-defendants caused and/or contributed to any and all injuries and damages alleged to have been sustained by plaintiffs in the principal action.  Cross-complainant therefore seeks a declaration of his rights to indemnification, contribution and/or apportionment.

57.     If recovery is had against cross-complainant DAVID LUIS PEREZ, cross-complainant is entitled to an Order of Declaratory Relief, setting forth his right to recover from cross-defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, cross-complainants pray judgment against cross-defendants, and each of them, as follows:

1. Total and complete indemnity for any judgment rendered against cross-complainant DAVID LUIS PEREZ;

2. Judgment in a proportionate share from each cross-defendant;

3. A judicial determination that cross-defendants were the legal cause of any injuries and damages sustained by plaintiffs in the principal action, and that cross-defendants indemnify cross-complainant DAVID LUIS PEREZ, either completely or partially, for any sums of money which may be recovered against cross-complainant DAVID LUIS PEREZ by plaintiffs;

4. General damages to cross-complainants according to proof;

- 20 -

CASE NO.: RG 17857926
FIRST AMENDED CROSS-COMPLAINT FOR PERSONAL INJURIES, LOSS OF CONSORTIUM, INDEMNIFICATION, APPORTIONMENT OF FAULT, AND DECLARATORY RELIEF

ACE000835

CROSS-COMPLAINT (AMENDED) - David Luis Perez and Donna Perez.PDF

5. Special damages for medical and related expenses, loss of earnings, loss of earning capacity, and loss of the ability to provide household services in amounts according to proof;

6. Interest as allowed by law;

7. Costs of suit and attorney fees as allowed by law;

8. That this matter be tried before a jury;

9. Any other damages to which cross-complainants may be entitled under applicable laws.

DATED: May /6, 2018                                INJIJIAN LAW OFFICE, APC

Susie Injijian
Attorneys for Cross-complainants
DAVID LUIS PEREZ and
DONNA PEREZ

- 21 -

CASE NO.: RG 17857926
FIRST AMENDED CROSS-COMPLAINT FOR PERSONAL INJURIES, LOSS OF CONSORTIUM,
INDEMNIFICATION, APPORTIONMENT OF FAULT, AND DECLARATORY RELIEF

ACE000836

CROSS-COMPLAINT (AMENDED) - David Luis Perez and Donna Perez.PDF

INDEX 00023

## PROOF OF SERVICE

I am an active member of the State Bar of California and am not a party to this action. My business address is 775 San Diego Road, Berkeley, California 94707. On this date I served the following documents:

_x_ by placing a true copy thereof enclosed in a sealed envelope with U.S. Mail postage fully prepaid in the United States mail at Berkeley, California, addressed as shown below.

__ by facsimile to the facsimile number(s) shown below.

__ by causing a true copy thereof enclosed in a sealed envelope to be hand delivered.

__ by causing a true copy thereof enclosed in a sealed envelope to be delivered by FEDEX.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at Berkeley, California on May 16, 2018.

Susie Injijian

See attached list.

- 22 -

CASE NO.: RG 17857926
FIRST AMENDED CROSS-COMPLAINT FOR PERSONAL INJURIES, LOSS OF CONSORTIUM, INDEMNIFICATION, APPORTIONMENT OF FAULT, AND DECLARATORY RELIEF

ACE000837

JOINT INDEX 00024
CROSS-COMPLAINT (AMENDED) - David Luis Perez and Donna Perez.PDF

| | |
|---|---|
| James Otto Heiting, Esq.<br>(contact@heitingandirwin.com)<br>HEITNG & IRWIN<br>5885 Brockton Avenue<br>Riverside, CA 92506<br>Tel: (951) 682-6400<br>Fax: (951) 682-4072 | Counsel for Plaintiffs,<br>Gary Mountain and Susan Mountain |
| David L. Barch, Esq.<br>(david.barch@libertymutual.com)<br>Law Offices of Santana and Vierra<br>71 Stevenson Street, Suite 799<br>San Francisco, CA 94105<br>Tel: (415) 777-1308<br>Fax: (603) 430-0513 | Counsel for Defendant/Cross-Complainant,<br>Carson Madrona Company, LLC (served and sued as Guilford Glazer Trust of 1984 dba San Oak Management Company and the Guilford Glazer Trust of 1984), and for Defendants The Diane Pregerson Glazer Survivor's Trust (served and sued as The Diane Pregerson Glazer Trust) and Jeremy Blanchard |
| Christopher J. Nevis, Esq.<br>(christopher.nevis@lewisbrisbois.com)<br>Nicole L. Jones, Esq.<br>(nicole.jones@lewisbrisbois.com)<br>LEWIS BRISBOIS BISGAARD &<br>SMITH LLP<br>333 Bush Street, Suite 1100<br>San Francisco, CA 94104-2580<br>Tel: (415) 362-2580<br>Fax: (415) 434-0882 | Counsel for Defendant/Cross-Defendants, Stoneledge Furniture, LLC; Ashley Furniture Industries, Inc. (served and sued as Ashley Furniture, Inc.), and Carson Madrona, LLC |
| Anna J. Monteleone, Esq.<br>(amonteleone@sullivanattorneys.com)<br>Michael Sullivan & Associates<br>PO Box 85059<br>San Diego, CA 92186-5059<br>Tel: (714) 202-3440<br>Fax: (714) 202-3444 | Counsel for Lien Claimant,<br>Hartford Insurance Company |

- 23 -

CASE NO.: RG 17857926
FIRST AMENDED CROSS-COMPLAINT FOR PERSONAL INJURIES, LOSS OF CONSORTIUM, INDEMNIFICATION, APPORTIONMENT OF FAULT, AND DECLARATORY RELIEF

ACE000838