JOINT INDEX 00291

# EXHIBIT 9

<u>**VIA EMAIL & CERTIFIED MAIL- RETURN RECEIPT REQUESTED**</u>


September 30, 2022

Bill Neiman
Carson Madrona Company, LLC
9440 Santa Monica Blvd
Beverly Hills, CA 90210


RE:     *Gary Mountain and Susan Mountain vs. DP Electric, David Luis Perez,*
         *individually, and doing business as DP Electric; Guilford Glazer Trust of 1984*
         *dba SanOak Management Company; The Guilford Glazer Trust of 1984*; Superior
         Court CA, County of Alameda – Oakland No. RG17857926

         Plaintiffs:        Gary Mountain and David Perez
         Date of Loss:     5/17/16
         Policy #:        41 CSE S30502 (1/1/16-1/1/17)
         Claim #:        Y31L63440


Dear Mr. Neiman,

In light of the discovery that has taken place and the trial date currently set for October 10, 2022, this letter provides an update to our March 30, 2020, letter agreeing to defend Carson Madrona Company LLC ("Carson") in the captioned Lawsuit, under a full reservation of rights including Hartford Fire Insurance Company's ("Hartford") right to limit or deny coverage to Carson. For the reason set forth below, Hartford may have no obligation to indemnify Carson or pay a settlement or judgment in the Lawsuit.  The purpose of this letter is to convey to you Hartford's position with respect to the Lawsuit under the Hartford Policy listed above and to explain further that the defense is being provided under a full reservation of rights, as detailed below.  This reservation of rights is intended to explain to you that after all the facts have been developed in this matter, there may be no coverage for the Lawsuit under the Hartford Policy and Hartford ultimately may have no obligation to pay for any settlement or judgment in this matter. Hartford believes that this letter fairly informs you of its position and the reasons it is reserving its rights to later deny coverage. If you disagree, or have questions regarding Hartford's position, please contact me immediately.


**<u>Background</u>**

As you are aware, the Lawsuit relates to the accident that occurred on May 17, 2016, at the warehouse in Oakland, CA. An Ashley Furniture Industries, Inc. ("Ashley") employee, Gary Mountain, called the property manager and when unable to reach him, called an electrician from the property manager's list of contractors, David Perez owner of DP Electric, to investigate

© 2022 by The Hartford. Classification: Company Confidential. No part of this document may be reproduced, published, or used without the permission of The Hartford.

flickering lights. While Perez was making repairs to the common area main electrical panel, an electric arc flash incident occurred during which Perez and Mountain sustained burn injuries.

As you are aware, while Ashley initially accepted the defense of landlord Carson under the Lease,  Ashley later asserted that further investigation provided facts to indicate that the incident occurred at in the common area and not on Ashley's leased premises. Ashley rescinded its offer of defense and indemnity under the Lease.

Thereafter, Hartford agreed to defend Carson as an additional insured under the policy it issued to "Ashley Furniture Industries, Inc." That defense is being conducted under a full reservation of rights for the captioned Lawsuit.  Further, Hartford denied any defense or indemnification obligation to the property manager SanOak Management Company and its employee, Jeremy Blanchard, as they are not the Landlord under the terms of the Lease, and additional insured coverage is not afforded to them under the Hartford Policy. It is our understanding that Liberty Mutual is defending SanOak and Jeremy Blanchard under its policy issued to Carson.

### The Hartford Policy

Hartford issued Policy Number 41 CSE S30502 to Ashley for the effective period of 1/1/16 to 1/1/17. The Policy provides primary coverage, pursuant to form HG 00 01 06 05, entitled Commercial General Liability Coverage Form (the "Hartford Policy"). The Hartford Policy's coverage is limited to $2,000,000 per occurrence, subject to a $4,000,000 general aggregate limit.

We direct your attention to: **Section II – WHO IS AN INSURED** which provides in part as follows:

### 6. Additional Insureds When Required By Written Contract, Written Agreement Or Permit

The following person(s) or organization(s) are an additional insured when you have agreed, in a written contract, written agreement or because of a permit issued by a state or political subdivision, that such person or organization be added as an additional insured on your policy, provided the injury or damage occurs subsequent to the execution of the contract or agreement.

A person or organization is an additional insured under this provision only for that period of time required by the contract or agreement.  However, no such person or organization is an insured under this provision if such person or organization is included as an insured by an endorsement issued by us and made a part of this Coverage Part.

#### c. Lessors of Land or Premises

Any person or organization from whom you lease land or premises, but only with respect to liability arising out of the ownership, maintenance or use of that part of the land or premises leased to you.

With respect to the insurance afforded these additional insureds the following additional exclusions apply:

211369723_1 LAW

© 2022 by The Hartford. Classification: Company Confidential. No part of this document may be reproduced, published, or used without the permission of The Hartford.

This insurance does not apply to:

1. Any "occurrence" which takes place after you cease to lease that land; or

2. Structural alterations, new construction or demolition operations performed by or on behalf of such person or organization.

Accordingly, Carson only qualifies as an additional insured to the extent its liability in the Lawsuit arises "out of the ownership, maintenance or use of that part of the land or premises leased to" Ashley. Carson is not an additional insured under the Hartford Policy with respect to claims arising out of its own acts of negligence or parts of the premises within the exclusive control of Carson, or otherwise not arising out of Ashley's leased premises.

Plaintiffs Gary Mountain and David Perez have developed evidence that the incident occurred as a result of improper maintenance and repair of the Main Electric Panel which they assert was Carson's responsibility to maintain under the Lease Agreement. Additionally, the Plaintiffs assert that the MEP was located in the common area outside of Ashley's premises. To the extent that it is established that the Plaintiffs' injuries occurred as the result of the electrical system that was Carson's duty to maintain and in a common area under the control of Carson and/or its property manager, or otherwise not arising out of Ashley's leased premises, Hartford has no duty to indemnify Carson under the Hartford Policy.

We want to particularly call your attention to the policy endorsement **AMENDMENT – OTHER INSURANCE CONDITION:**

> A. Paragraph 4, the **Other Insurance** Condition **(Section IV – Commercial General Liability Conditions),** is replaced by the following:

> 4. Other Insurance

> This insurance is excess over any other insurance, whether primary, excess, contingent or on any other basis, except when purchased specifically to apply in excess of this insurance…

> If this insurance is excess, we will have no duty under this Coverage Part to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit". If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

> If this insurance is excess over other insurance, we will pay only our share of the amount of the loss, if any, that exceeds the sum of:

> > a. The total amount that all such other insurance would pay for damages in the absence of this insurance; and

> > b. The total of all deductible and self-insured amounts under all that other insurance.

> B. Paragraph 2. E of Section IV – **Commercial General Liability Conditions** is replaced by the following:

© 2022 by The Hartford. Classification: Company Confidential. No part of this document may be reproduced, published, or used without the permission of The Hartford.

**e. Additional Insureds Other Insurance**

If we cover a claim or "suit" under this Coverage Part that may also be covered by other insurance available to an additional insured, such additional insured must submit such claim or "suit" to the other insurer for defense and indemnity.

The forgoing provisions provide that the Hartford Policy is excess to any other insurance unless it was bought "specifically to apply in excess of this insurance." It is our understanding that Carson is insured for this loss with Liberty Mutual Insurance Company under a primary policy. As Carson has other insurance available, Hartford reserves its right to assert that the Hartford Policy is excess to the Liberty Mutual policy and that it is entitled to assert the insured's rights with respect to defense.

With respect to contractual indemnity claims by Carson against Ashley under the Lease, we understand that there are no contractual indemnity claims pending between the parties at this time. Further, as discussed above, it is our understanding that in 2019 Ashley denied that any contractual indemnity obligation was owed to Carson under the Lease. .

## Conclusion

Hartford will agree to continue its defense of Carson but continues to reserve its rights as to the duty to indemnify Carson for the reasons stated above. This communication is not intended to be and should not be construed as an exhaustive listing of all policy terms and conditions that may apply to this matter. Hartford hereby reserves all its rights, positions and defenses in the matter. Neither this communication, nor any prior or subsequent communications, should be construed as a waiver of any rights, positions or defenses held by Hartford.

Should Hartford assert and prevail on any reservations, it does not waive its rights, if any, to seek and demand reimbursement for any defense, indemnity or other payments paid in connection with the Lawsuit from the insured or any other party.  In the event that any reservations are rejected by any court of appropriate jurisdiction (which shall be deemed to include a final order on appeal), Hartford will provide coverage only in accordance with the theory of coverage adopted by such court and will seek and demand reimbursement of payments made by it based upon the reservations.

Hartford is not waiving any other defenses to or limitations on coverage, regardless of whether those defenses or limitations have been addressed in this or prior correspondence. We specifically reserve the right to withdraw from the defense in the event that our limits of coverage are exhausted, or if we determine that there was no potential coverage for the claims. We also reserve the right to file a declaratory judgment action to determine the scope of our coverage obligations, and the right to recoup costs incurred in defending non-covered claims, to the extent permitted by applicable law.

If you believe that we have overlooked, or that we are unaware of, any relevant facts, allegations or arguments, please let us know, and we will carefully consider your position.

If you believe that this claim has been wrongfully denied, in whole or in part, you may have the matter reviewed by the Consumer Communications Bureau of the California Department of

© 2022 by The Hartford. Classification: Company Confidential. No part of this document may be reproduced, published, or used without the permission of The Hartford.

Insurance, 300 South Spring Street, South Tower, Los Angeles, CA 90013, Telephone Number 800-927-4357 of 213-897-8921. TDD Number: 1-800-482-4833.

Sincerely,

*Tim Bailey*

Tim Bailey
The Hartford Financial Services Group, Inc.
One Hartford Plaza (Tower 8)
Hartford, CT 06105
W: 860-547-8828
tim.bailey@thehartford.com

© 2022 by The Hartford. Classification: Company Confidential. No part of this document may be reproduced, published, or used without the permission of The Hartford.

Hartford_005048