JOINT INDEX 00307

# **EXHIBIT 11**



**SONIA S. WAISMAN**
2401 Pacific Coast Highway, Suite 206
Hermosa Beach, CA 90254
Main: 619.237.3095
Direct: 310.524.0400
www.mwwdlaw.com
swaisman@mwwdlaw.com

September 11, 2023

<u>*Via Email Only*</u>

Patricia A. Daza-Luu, Esq.
Nicolaides Fink Thorpe Michaelides Sullivan LLP
777 South Figueroa Street, Suite 750
Los Angeles, CA 90017
pdazaluu@nicolaidesllp.com

|  |  |  |
|---|---|---|
|  | Re: | *Mountain v. Perez, et al.* (including Perez Cross-Complaint therein) Alameda County Superior Court Case No. RG17857926 |

| Insured: | Ashley Furniture Inc. |
|---|---|
| Alleged Additional Insured: | Carson Madrona Company, LLC |
| Claimants: | David and Donna Perez |
| Date of Loss: | 5/17/16 |
| Hartford Policy No.: | 41 CSE S30502 (1/1/16-1/1/17) |
| Liberty's Underwriting Company: | Ohio Security Insurance Company |
| Ohio Security Policy No.: | BLS (16) 56862638 (8/31/15-8/31/16) |
| Ohio Security's Named Insured: | Carson Madrona Company LLC |

Dear Ms. Daza-Luu:

As you know, our office represents Hartford Fire Insurance Company ("Hartford") as coverage counsel in connection with the above-referenced matter. This letter follows our prior discussions and your August 11, 2023 letter regarding this matter and further responds to the issues you have raised.

Your client, Ohio Security Insurance Company ("Ohio Security") issued the above-referenced primary commercial general liability ("CGL") policy, along with an umbrella excess liability policy, to Carson Madrona Company LLC ("Carson"), and contends that Carson is entitled to additional insured coverage under the above referenced Hartford policy (the "Hartford Policy") issued to "Ashley Furniture Industries, Inc." (together with defendant "Stoneledge Furniture LLC dba Ashley Furniture Homestore," hereinafter "Ashley") in connection with the above-referenced lawsuit (the "Lawsuit"). For the reasons explained below, neither the facts nor the cases to which you cite, and on which Ohio Security relies, support Ohio Security's position.[1] Therefore, Hartford has disputed and continues to dispute Ohio Security's position.

---

[1] With respect to the facts, your letter refers to "the $25.5 million verdict" in the Lawsuit, but fails to note that the jury verdict and Judgment on Special Verdict allocate 50% of the responsibility to "James Krasne, Trustee of the

Patricia Daza-Luu, Esq
September 11, 2023
Page 2

Based on my recent review of the Hartford Policy, it contains an amendatory endorsement entitled "Additional Insured – Designated Person or Organization" ("AI Endorsement"), applicable "Where Required By Written Contract or Agreement."[2]  It provides, in relevant part, as follows:

> **A. Section II – Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury', "property damage" or "personal and advertising injury" caused, in whole or in part, by your acts or omissions or the acts or omissions of those acting on your behalf:
>
> 1. In the performance of your ongoing operations; or
> 2. In connection with your premises owned or rented to you.
>
> However:
>
> * * *
>
> **2.** If coverage provided to the additional insured is required by contract or agreement, the insurance afforded to such additional insured will not be broader than that which you are required by the contract or agreement to provide for such additional insured.
>
> * * *

Most courts addressing this issue have construed the above language as it is plainly written –to apply only where liability is caused by the named insured.  *See, e.g., AvalonBay Communities, Inc. v. Contractors Bonding & Ins. Co.,* 2022 WL 4596560, *2, *3 (C.D. Cal. July 20, 2022) (addressing substantially the same AI language as in Hartford's AI Endorsement, recognizing that the "policy extends coverage to an additional insured for bodily injury *caused by [the named insured's] negligence*"). Courts in other jurisdictions are in accord. *See, e.g., Burlington Ins. Co. v. NYC Transit Authority,* 29 N.Y.3d 313, 317, 79 N.E.3d 477 (N.Y. 2017) (New York's highest court considered the same language as in Hartford's AI Endorsement here, concluding that "where an insurance policy is restricted to liability for any bodily injury 'caused, in whole or in part,' by the 'acts or omissions' of the named insured, the coverage applies to injury proximately caused by the named insured"). Thus where, as in this instance, Hartford's named insured was found to have ***zero responsibility*** for the injuries to Dave Perez, the Hartford Policy does not provide additional insured coverage to Carson.

The cases on which you rely also acknowledge there can be a distinction between the language of the AI Endorsement and the language at issue in those cases. For example, in *Truck Ins. Exchange v.*

---

Diane Pregerson Glazer Survivor's Trust dba SanOak Management Company" which undisputedly is solely insured by Ohio Security in connection with this matter, and not by Hartford, leaving $12.75 million of the total verdict – not $25.5 million – allocated to Carson.

[2]  My understanding is that you may already have a copy of the Hartford Policy. If you do not, however, and would like a copy, please let me know.

McCloskey, Waring, Waisman & Drury llp

2401 Pacific Coast Highway, Suite 206, Hermosa Beach, CA 90254                    PHONE: 310.524.0400

Patricia Daza-Luu, Esq
September 11, 2023
Page 3

*AMCO Ins. Co.,* 56 Cal. App. 5th 619, 634 (2020), the court explicitly noted that, unlike Hartford's AI Endorsement, "AMCO did not write its additional insured endorsement to bar coverage where the tenant was not at fault."

Second, Hartford has recently learned of a December 21, 2017 Lease Termination Agreement between Ashley and Carson (Trial Exh. 467), pursuant to which both parties *fully and unconditionally waived, released and forever discharged each other "from any and all obligations, claims, demands, losses, damages, liabilities . . . controversies, actions or causes of action, whether known or unknown . . .arising directly or indirectly out of, based upon, or related in any way to the Premises or the Lease,"* subject to certain exceptions not relevant here. (Emphasis added.) Thus, any obligations Ashley may have had to Carson pursuant to the lease ceased to exist. Since Ashley is not the contractual indemnitor of Carson, any theory relating to priority of coverage as between Hartford and Ohio Security based on any such provision in the lease does not apply. Although you may already have a copy of the Lease Termination Agreement, a copy accompanies this letter.

Third, the above-quoted AI Endorsement in the Hartford Policy provides additional insured coverage only to persons or organizations Ashley is required by contract or agreement to have designated as additional insureds, and only to the extent required by the contract or agreement. The Lease Termination Agreement, however, fully and unconditionally waived, released and forever discharged Ashley from any and all known and unknown obligations arising directly or indirectly out of, based upon, or related in any way to the Premises or the Lease – including any obligation to procure insurance covering Carson.

Under the facts here, particularly given the foregoing policy language and 2017 contractual release between Carson and Ashley with respect to the lease at issue, Hartford maintains the position that it has no continuing defense obligation and no indemnity obligation to Carson in this matter and that it is incumbent upon Ohio Security to step in to protect its named insured.

Finally, with respect to "Other Insurance," your letter quotes an excerpt form from Section IV of the Hartford Policy, but overlooks that it was replaced by an amendatory endorsement entitled "Amendment – Other Insurance Condition," which deletes the provision quoted in your letter, and provides instead:

A.  Paragraph **4.**, the **Other Insurance** Condition **(Section IV – Commercial General Liability Conditions)**, is replaced by the following:

   **4. Other Insurance**

   This insurance is excess over any other insurance, whether primary, excess, contingent or on any other basis, except when purchased specifically to apply in excess of this insurance.

   If this insurance is excess, we will have no duty under this Coverage Part to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit". If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

Patricia Daza-Luu, Esq
September 11, 2023
Page 4

* * *

    **B.**  Paragraph **2.e.** of **Section IV – Commercial General Liability Conditions** is replaced by the following:

        **e.**  **Additional Insureds Other Insurance**
            If we cover a claim or "suit" under this Coverage Part that may also be covered by other insurance available to an additional insured, such additional insured must submit such claim or "suit" to the other insurer for defense and indemnity.

Thus, Ohio Security's position that it is excess to the Hartford Policy in this matter is unsupported by the Other Insurance provision, in addition to the other reasons discussed in this letter.

With respect to the inquiry in your letter regarding an alleged Hartford excess policy, I have already connected you with counsel for Federal Insurance Company, which issued the excess policy to Ashley above the primary level Hartford Policy.

Hartford continues to reserve all of its rights in this matter under the Hartford Policy, at law and in equity, including, but not limited to, the right to seek reimbursement of any and all sums paid and to be paid by Hartford on behalf of Carson in connection with the Lawsuit, to the extent allowed by law. Neither this letter nor any other communication by or on behalf of Hartford is intended to be, nor shall it be construed as, a waiver of any of any rights under the Hartford Policy or of any terms, exclusions, conditions or other provisions of the Hartford Policy.

If you have any questions or would like to discuss this matter further, please do not hesitate to contact me.

                                                              Sincerely,

                                                              *Sonia S. Waisman*

                                                              Sonia S. Waisman

SSW/nt